STATE of Iowa, Plaintiff–Appellee,

v.

Ronald R. CURRY,
Defendant–Appellant.

No. 87–1237.

Court of Appeals of Iowa.

Dec. 22, 1988.

Raymond E. Rogers, Acting Chief Appellate Defender, and James F. Whalen, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and Gary L. Sissel, Asst. County Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

On April 19, 1987, Easter Sunday, at about 5:45 a.m., a Davenport police lieutenant noticed Ronald Curry pushing a small bicycle which was carrying a large plastic garbage bag that appeared to contain a stereo set. The officer's prior dealings with Curry, coupled with his knowledge of several recent burglaries in the area and the unusualness of this activity at such an early hour, prompted the officer to make an investigatory stop. As Curry set the bag down, a jewelry box fell out of the bag, spilling a large number of necklaces with the price tags still attached. The spilled jewelry was identified as having been stolen from an antique store in Rock Island earlier that morning.

A jury found Curry guilty of second-degree theft and assault with intent to cause serious injury. The trial court sentenced him to two consecutive terms of imprisonment: five years on the theft count and two years for assault. He contends the trial court erred in denying his motion to suppress the fruits of an illegal investigatory stop and in admitting hearsay evidence over his objection. Our scope of review is for the correction of errors at law except, however, when constitutional issues are raised, our review is of the totality of the circumstances. We reverse and remand for a new trial.

### I. Investigatory Stop

Curry contends the investigatory stop was unsupported by reasonable cause and the trial court therefore erred in overruling his motion to suppress evidence discovered as the fruits of that stop. He urges that the officer stopped him merely to satisfy a suspicion.

The police officer testified that at 5:53 a.m. on Easter Sunday he observed the defendant pushing a small BMX-type bicycle. The defendant was using the bicycle to carry a large garbage sack which appeared, through various rips, to contain a stereo. The police officer further testified that the defendant matched the description of a suspect that the police were attempting to locate in reference to several burglaries in the area within the last month. In addition, the officer recognized the defendant as someone who had been involved with a prior burglary.

The fourth amendment requires a showing of "reasonable cause" to justify the stopping of a vehicle for investigatory purposes. When constitutional rights are at issue, our review is of the totality of the circumstances. *State v. Lamp*, 322 N.W. 2d 48, 51 (Iowa 1982) (citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968)). "When a stop is challenged on the basis that reasonable cause did not exist, the State must show that the stopping officer had 'specific and articulable cause to support a *reasonable belief* that criminal activity *may* have occurred.'" *State v. Lamp*, 322 N.W.2d at 51 (quoting *State v. Aschenbrenner*, 289 N.W.2d 618, 619 (Iowa 1980) (emphasis added in *Lamp*). Reasonable cause exists when an officer observes unusual conduct leading the officer to conclude that criminal activity may be afoot. *State v. Donnell*, 239 N.W.2d 575, 577 (Iowa 1976).

We find the officer's observations coupled with his prior knowledge of defendant's criminal activity and the unusually early hour to indicate to him that criminal activity may be afoot. Therefore, we find reasonable cause existed to stop the defendant.

### II. Hearsay

Defendant contends the trial court erred in admitting into evidence, over his hearsay objection, a field interview card from the Rock Island police department. This card revealed that at approximately 3:50 on the morning of April 19, 1987, a Rock Island police officer stopped a black male approximately one-and-one-half blocks from Heart Antiques, the location of the burglary. The suspect gave the name Ronald Curry, was riding a BMX bicycle, and wearing a black cap, black pants, and a

green sweater. The trial court admonished the jury that the information on the card "is not to be taken as true, only to be taken as having been reported as part of the investigation procedure of the City of Rock Island, Illinois." Curry contends this limiting instruction was inadequate to cure the prejudicial nature of the evidence.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R.Evid. 801(c). Hearsay is generally not admissible. Iowa R.Evid. 802.

In order to determine whether this evidence is hearsay we must determine the "real" purpose for which this evidence was offered. *State v. Hollins,* 397 N.W.2d 701, 706 (Iowa 1986). The State asserts the evidence was offered for the purpose of "completing the picture" of the investigatory stages of the offense. Our review of the record would indicate the information was offered to place the defendant within one-and-one-half blocks of the antique store at approximately the time it was robbed. Thus, we conclude it was indeed offered to prove the truth of the matter asserted and is hearsay by definition.

■ Exceptions to the hearsay rule are enumerated in Iowa Rule of Evidence 803. Defendant specifically contends that the information from the field interview card is hearsay as it is an exclusion to an exception to the general rule under Iowa Rule of Evidence 803(8)(B)(i) which provides: "The following are not within this exception [public records and reports] to the hearsay rule: investigative reports by police and other law enforcement personnel." We find this section to apply.

■ The state argues that even if the evidence is inadmissible hearsay the judge's instruction cured any impropriety. Further, the State argues there was no prejudice. Prejudice is presumed if hearsay is admitted, unless the contrary is affirmatively established. *State v. Horn,* 282 N.W.2d 717, 724 (Iowa 1979). To establish the lack of prejudice the State relies on the proposition that admission of the

hearsay statement is harmless error in light of multiplicity of substantially the same evidence from other sources which duplicates the information. *State v. Horn,* at 717, 724 (citing *State v. Johnson,* 272 N.W.2d 480, 482–83 (Iowa 1978) (eleven witnesses plus the defendant testified to substantially the same evidence as the hearsay testimony)). The State asserts the fact finder learned nothing new by the field card citing defendant's admission that he was in the Quad Cities on April 19, 1987, walking his bicycle, an officer's testimony the defendant was wearing dark pants, and the defendant's testimony that he went to an after-hours bar at 3:30 a.m. However, the field information card indicates the defendant was dressed in a black cap, black pants, green sweater riding a BMX bicycle in downtown Rock Island on 3rd Avenue between 17th and 18th Streets at 3:50 a.m. This information places the defendant within one-and-one-half blocks of the antique store which is the subject of his theft charge. We fail to find the information from the field card was duplicated by other sources especially in light of the specificity of the information from the field card which places the defendant in Rock Island within one-and-one-half blocks of the crime scene at 3:50 a.m.

■ The trial court admonished the jury that the information on the card "is not to be taken as true, only to be taken as having been reported as part of the investigation procedure of the City of Rock Island, Illinois". There are circumstances where admonitions to the jury are inadequate to cure prejudice to the defendant from the erroneous admission of evidence. *See State v. Sowder,* 394 N.W.2d 368, 371–72 (Iowa 1986); *State v. Belieu,* 288 N.W.2d 895, 901 (Iowa 1980). In this case, although the jury was admonished, the information from the field card was highly probative. The defendant was charged with theft by taking or by exercising control over stolen property. Heart Antiques was burglarized between 4:30 a.m. and 5:48 a.m. on April 19, 1987. The field card established that the defendant Ronald Curry was located one-and one-half blocks

from Heart Antiques, less than forty minutes prior to the time of the burglary. In addition, the prosecutor through direct examination of an officer asked to explain the field card and through impeachment of the defendant offered the information on the card for the truth of the matter. We find this highly probative evidence to be prejudicial as well.

For the reasons stated in Division II, this case is reversed and remanded for new trial.

REVERSED AND REMANDED.