STATE of Iowa, Plaintiff–Appellee,

v.

Michael J. KONE, Defendant–Appellant.

No. 95–0811.

Court of Appeals of Iowa.

Sept. 30, 1996.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Assistant State Appellate Defender, for defendant–appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Steve Foritano and Karen Romano, Assistant County Attorneys, for plaintiff–appellee.

Heard by HABHAB, P.J., and CADY and VOGEL, JJ.

HABHAB, Presiding Judge.

Michael Kone appeals the judgment and sentence entered in the Iowa District Court for Polk County following his conviction for murder in the second degree in violation of Iowa Code sections 707.1 and 707.3 (1993). We affirm in part and remand with directions. We retain jurisdiction.

This case revolves around the October 4, 1994, death of Jeffrey Thomas in Des Moines, Iowa. On the day of his death, Thomas was in the company of Kone and Harold Clark. While waiting for Kone's wheelchair to be fixed, the three men spent the early part of the afternoon in a local bar drinking alcohol.[1] After picking up the wheelchair, the three went to The Wild Side Bar and spent the evening playing pool, continuing to drink.

At the end of the evening Thomas, Kone, and Clark left the bar together. At trial, Clark testified that while he was driving Thomas' car, Thomas and Kone began arguing about directions. During the course of the argument, Thomas called Kone a "faggot." Kone reached up around Thomas' neck with his left arm and slit his throat with the neck of a broken beer bottle.

Jana Close was Kone's girlfriend at the time of the murder. Kone was charged November 2, 1994, and the two were married November 22, 1994. Close was then residing in Des Moines with her two small children. Kone had been living there off and on.

On October 4, 1994, Jana woke up around 10:00 p.m. to get a glass of water for her daughter. At about 10:15 p.m. she heard tapping on her door. When she opened it she saw Kone. He was covered in blood. Kone told Close he had been in a fight at The Wild Side Bar and asked her for a garbage bag in which he placed his bloody clothes. He then went to take a shower.

Close noticed a red Ford Tempo in front of her home parked the wrong way with its dome light on. When she went to investigate, she saw the body of Jeff Thomas slumped in the passenger seat. Close tried to call the police, but Kone prevented her from doing so. Kone finally permitted Close to call a neighbor. Eventually Kone was convinced the police needed to be called and he allowed Close to make the call. Kone then called his father. Kone asked both Close and the neighbor for beer, making comments to the effect it might be his last because he was going to prison for the rest of his life.

The police arrived about 11:00 p.m. At about 1:30 a.m., the police conducted a tape recorded interview with Close. During the interview, Close stated Kone admitted to her that he killed Thomas and asked her if she would assist him with disposing of the body. Close also told police she did not believe Kone could or did kill Thomas and that she

---

1. Both of Kone's legs were amputated at the knee due to an accident several years ago. Although Kone used a wheelchair, he was able to walk on his knees.

believed Clark, alone or in combination with Kone, had committed the act and Kone was covering for him. The interview ended at 2:21 a.m. on the morning of October 5.

On February 15, 1995, the State filed a motion to perpetuate Close's testimony. The motion was granted after an unrecorded hearing. On February 16, 1995, Close provided deposition testimony that she did not remember what Kone said to her on October 4, 1994, because she had taken eight ten-milligram Valium at once after seeing the dead body of Thomas. She denied Kone asked her to dispose of the body, that he said a beer would be his last, or that he admitted fighting with or killing Thomas. Close testified she was under the influence at the time of her recorded statement and her statement contained several lies.

The State filed a notice of intent to use hearsay evidence pursuant to Iowa Rule of Evidence 803(24). A hearing was held at the State's request. Kone objected to the use of either Close's tape recorded statement or her deposition testimony. The court concluded the tape recorded statement was admissible under rule 803(24).

At trial, Close testified Kone came to her door covered with blood on the night of October 4, 1994. She further testified Kone went straight to the shower and later told her he had been in a fight with some guys outside the bar. Close also stated she saw the car outside with its dome light on, and when Kone told her to shut it off, she went to the car and saw Thomas in the passenger side of the front seat with his throat cut. She asked Kone who could have done such a thing and then took eight Valium. She remembered Kone saying a beer might be his last, denied Kone had asked her to help get rid of the body, "vaguely" recalled giving the police a statement, and denied Kone had ever told her he killed Thomas.

Following Close's testimony, Kone objected and moved to strike it on the basis of *State v. Turecek*, 456 N.W.2d 219 (Iowa 1990). The motion to strike was denied. The State informed the court it intended to introduce Close's tape recorded statement through the testimony of detective Brent Curtis, the interviewing officer. Defense counsel then asked he be allowed to reserve cross-examination of Close until after the tape was played. The court denied that request but told counsel Close could be recalled after the tape was introduced. Close was never recalled to the stand.

Kone was convicted of second-degree murder and now appeals. He challenges the admission of both Close's testimony at trial and her tape recorded statement to police. He also contends trial counsel was ineffective in not calling a Mr. Richardson to the stand and, if not adequately preserved, in failing to properly preserve his challenge to the use of Close's statement.

***I. Recorded Statement of Close.*** Our review of the admissibility of evidence under rule 803(24) is for abuse of discretion. *State v. Rojas*, 524 N.W.2d 659, 662 (Iowa 1994). To the extent that Kone alleges a violation of his constitutional rights, our review is de novo. *Id.*

The State alleges Kone has not preserved error on the constitutional issue. We do not necessarily disagree with the State's contention and, in this regard, we point out that ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. *State v. Lyon*, 223 N.W.2d 193, 194 (Iowa 1974). For purposes of this opinion, we will assume error has been properly preserved.

Iowa Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802 prohibits the admission of hearsay except as provided by state constitution, statute, or court rule.

Rule 803(24) provides an exception to the hearsay rule:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(24) Other Exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if

the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can produce through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The Sixth Amendment is applicable to the states through the Fourteenth Amendment. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Confrontation Clause bars admission of some evidence that would otherwise be admissible under an exception to the hearsay rule. *Idaho v. Wright,* 497 U.S. 805, 813–14, 110 S.Ct. 3139, 3145–46, 111 L.Ed.2d 638, 650–51 (1990). Although the hearsay rule and the Confrontation Clause are not coextensive, they were designed to protect similar values. *Wright,* 497 U.S. at 814, 110 S.Ct. at 3145–46, 111 L.Ed.2d at 650–51.

In *Ohio v. Roberts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597, 607–08 (1980), the United States Supreme Court has set forth a general approach for determining the admissibility of hearsay statements under an exception to the hearsay rule which also comports with the requirements of the Confrontation Clause:

(1) The prosecution must either produce, or demonstrate the unavailability of the declarant; and

(2) Once that is shown, only hearsay marked with such "indicia of reliability" so as not to defeat the general purpose underlying the general rule is admissible. Reliability can be inferred if the hearsay evidence deals within a "firmly" rooted hearsay exception.

*Id.* at 66, 100 S.Ct. at 2539, 65 L.Ed.2d. at 608. In other cases the evidence must be excluded unless a showing is made that the statement carries particularized guarantees of trustworthiness. *Id.*

In *Wright,* the United States Supreme Court held that hearsay statements admitted under a residual exception to the hearsay rule do not have the same traditional indicia of reliability that supports admissibility under a firmly rooted exception. *Id.* at 817, 110 S.Ct. at 3147–48, 111 L.Ed.2d at 653–54. As such, these statements are presumptively unreliable and inadmissible under the Confrontation Clause absent a showing of particularized guarantees of trustworthiness. *Id.* at 818, 110 S.Ct. at 3148, 111 L.Ed.2d at 654.

■ Our supreme court has held that the following five requirements apply to the admissibility of hearsay evidence under rule 803(24):

1. The statement must have circumstantial guarantees of trustworthiness equivalent to those inherent in the firmly rooted exceptions in Rule 803;

2. The statement must be offered as evidence of a material fact;

3. The statement must be more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts;

4. The general purpose of the Rules and the interests of justice must best be served by admission of the statement into evidence; and

5. The proponent of the evidence must give advance notice specified in the rule.

*State v. Rojas,* 524 N.W.2d 659, 662–63 (Iowa 1994) (citing *State v. Brown,* 341 N.W.2d 10, 14 (Iowa 1983)). The district court is to make specific findings on the record regarding these requisite elements. In making specified findings, there is a "detailed weighing and balancing required to satisfy the residual exceptions' exacting specifications."

*Brown,* 341 N.W.2d at 14.[2] Since these requirements are set forth in the conjunctive, the failure to satisfy one requirement precludes admission of the evidence.

■ Kone argues the trial court abused its discretion in failing to set forth with specificity its rationale for admission of Close's recorded statement under rule 803(24) as required in *Brown.* The trial court, after conducting a full hearing on this matter, noted that Close's recorded statement did meet the five requirements set out in *Rojas.* However, we find that admission of evidence under rule 803(24) requires a more detailed weighing and balancing of each element set forth in *Rojas* to satisfy the residual exceptions' exacting specifications. *See Brown,* 341 N.W.2d at 14.

The above five requirements in a more abbreviated form were again set forth in the recent supreme court decision of *State v. Weaver,* 554 N.W.2d 240 (1996), filed September 18, 1996. In that opinion the supreme court noted the district court must make five findings concerning the nature of the evidence. We believe the reasons the supreme court held that trial courts must make specific findings is not only to ensure the trustworthiness of the evidence, but to enable the appellate courts to determine whether the trial court abused its discretion when it admitted into evidence the hearsay testimony. Again in *Weaver,* the supreme court, after considering the record and the findings of the district court, held the court "did not abuse its discretion in ruling" that the questionable affidavits and testimony were admissible hearsay evidence.

It is clear that this exception to the hearsay rule is to be used "very rarely and only in exceptional circumstances" to justify the admission of hearsay evidence. *State v. Brown,* 341 N.W.2d 10, 14 (Iowa 1983) (quoting 28 U.S.C.A. Rule 803, Historical Note at 583). As the trial court's findings were not made with sufficient specificity, we remand with instructions to the trial court for the limited purpose of making more specific findings with regard to how Close's statement meets the five requirements set forth in *Rojas* and *Weaver.* After the record is made on remand, a copy of the transcript is to be filed with the Clerk of the supreme court no later than six weeks following the filing of this opinion. The parties may file additional briefs, but the same must be filed no later than fifteen days after the transcript has been filed with the supreme court Clerk. We retain jurisdiction for the resolution of this issue.

■ *II. Turecek Violation.* Kone contends the State's impeachment of Close at trial established a violation of the rule set forth in *State v. Turecek,* 456 N.W.2d 219 (Iowa 1990) and reiterated within *State v. Tracy,* 482 N.W.2d 675 (Iowa 1992). The rule established in *Turecek* is that a party may not place a witness on the stand who is expected to give unfavorable testimony and then, in the guise of impeachment, offer evidence that is otherwise inadmissible. *Turecek,* 456 N.W.2d at 225.

■ The decision to admit evidence over a *Turecek* objection is reviewed for an abuse of discretion. *Rojas,* 524 N.W.2d at 662. After careful review of the record, we find Close's testimony is inconsistent with her statement given to police in only two respects: the defendant's admission that he killed Thomas, and his request of her assistance in disposing of Thomas' body. Her other testimony at trial was, for the most part, consistent with her taped interview. We find Close's testimony was relevant and admissible as to the events which transpired on the night of the murder. Furthermore, the tape recording appears to have been otherwise admissible under rule 803(24) as direct evidence of Kone's guilt. As such, we find no *Turecek* violation occurred.

---

**2.** *See also State v. Nance,* 533 N.W.2d 557, 561 (Iowa 1995) (evidence inadmissible under residual exception as trial court made no findings of circumstantial guarantees of trustworthiness); *and see United States v. Chu Kong Yin,* 935 F.2d 990, 999–1000 (9th Cir.1991) (evidence inadmissible under residual hearsay exception as trial court did not make specific findings regarding requisite elements and as evidence had no indication of circumstantial guarantees of trustworthiness); *United States v. Nixon,* 779 F.2d 126, 134 (2d Cir.1985) (evidence not admissible under residual exception for lack of specific findings on the record).

### III. Ineffective Assistance of Counsel.

Kone argues his trial counsel was ineffective in that: (1) his counsel failed to preserve certain claims for appellate review; and (2) his counsel breached a material duty in his failure to call Jerry Richardson as a witness.

When a defendant asserts a violation of a constitutional right, our review is de novo. *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994). Generally, claims of ineffective assistance of counsel are preserved for postconviction proceedings. *State v. Capper*, 539 N.W.2d 361, 367 (Iowa 1995). However, they may be resolved on direct appeal when the record adequately addresses the issues. *Id.*

A defendant bears the burden of proving by a preponderance of the evidence he received ineffective assistance of counsel. *State v. Wissing*, 528 N.W.2d 561, 563 (Iowa 1995). To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) counsel failed to perform an essential duty; and (2) he was prejudiced by counsel's omission. *Id.* at 561–64. The test for the first element is whether the attorney's performance was outside the range of normal competency. *Id.* at 564. The test for the second element is whether there is a reasonable probability that but for the trial attorney's unprofessional errors, the resulting conviction would have been different. *Id.* A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

The benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process the trial cannot be relied on as having produced a just result. *Id.*

#### (a) Preservation of error for appellate review.

As we have considered all of Kone's asserted claims in our review, we need not consider Kone's contentions in this regard.

#### (b) Failure to call Jerry Richardson as a witness.

Kone asserts that his trial attorney breached an essential duty in failing to call Jerry Richardson as a witness and that he was prejudiced by his failure to do so. Richardson apparently heard an argument between Clark and Thomas outside The Wild Side Bar on the evening of the murder. In our de novo review, we find that no breach of essential duty was committed by Kone's trial attorney and Kone suffered no prejudice by his attorney's failure to call Richardson as a witness. Improvident trial strategy, miscalculated tactic, or mistakes in judgment do not necessarily amount to ineffective assistance. *Fryer v. State*, 325 N.W.2d 400, 413 (Iowa 1982). Failure to call Richardson as a witness was a strategical decision which we will not second-guess. Counsel was not ineffective in failing to call Richardson. Kone has not shown by a preponderance of the evidence that a reasonable probability existed that but for his trial counsel's failure to call Richardson as a witness, the outcome of the trial would have been different. Defendant has not carried his burden to prove his counsel was ineffective.

**AFFIRMED IN PART AND REMANDED WITH DIRECTIONS. WE RETAIN JURISDICTION.**