Angel STEWART, Applicant–Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 97–1560.

Court of Appeals of Iowa.

May 29, 1998.

Patrick W. O'Bryan, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, John P. Sarcone, County Attorney, and Nan Horvat, Assistant County Attorney, for appellee.

Considered by CADY, C.J., and VOGEL and MAHAN, JJ.

MAHAN, Judge.

Angel Stewart appeals from the district court's denial of her application for postconviction relief. She argues her trial counsel was ineffective for advising her to sign a

written plea agreement which misstated Iowa law. We affirm.

Stewart was charged in Iowa on July 29, 1994, with two counts of first-degree murder and two counts of kidnapping in the first degree for the death of two elderly Des Moines women. The State of Missouri also filed charges against Stewart because portions of the crimes occurred in that state.

In May 1995, Stewart reached a plea agreement with the State of Iowa in which she agreed to plead guilty to one count of kidnapping in the first degree in both Iowa and Missouri. The other Iowa charges would be dismissed and, most importantly, Missouri would not seek the death penalty. Stewart was to receive a life sentence in Missouri to run concurrently with her life sentence in Iowa.

On June 9, 1995, Stewart was sentenced in Iowa to life imprisonment. Following her incarceration, she attempted to appeal her conviction and sentence. The appeal was denied as untimely, and Stewart was also denied leave to file a delayed appeal.

Stewart filed a pro se application for postconviction relief on September 7, 1995, alleging "[M]y case was not thoroughly investigated." Counsel was appointed and an amended application was filed on November 9, 1995. In that amended application, Stewart raised two claims of ineffective assistance of counsel:

18. Ms. Stewart's conviction is unconstitutional in that she received ineffective assistance of trial counsel guaranteed by the 6th and 14th Amendments to the Constitution. Her trial counsel failed to take the necessary steps to insure that Ms. Stewart fully understood the consequences of her guilty plea, and failed to perfect her appeal within thirty days to allow for appellate review.

19. In addition, trial counsel likewise provided misinformation to Ms. Stewart prior to her guilty plea which led her to believe that if she did not plead guilty and accept life imprisonment in Iowa, that she would be subjected to the death penalty in the State of Missouri and actually put to death for her alleged role in the murders of the victims.

The hearing on the postconviction relief application was held on October 1, 1996. Stewart testified, in part, as follows:

Q. [A]nd [when] you went in front of the judge, did you understand that you could go to trial in Iowa and you may or may not get convicted, and you could go to trial in Missouri, and you may or may not get convicted?

A. Yeah, but I didn't want to take the chance of getting convicted, especially in Missouri.

Q. And why is that?

A. The death penalty.

At the end of the hearing, Stewart's counsel moved for summary judgment on the basis that paragraph six of the plea agreement was a "misstatement of the law." This was a new issue brought to the court's attention for the first time at the end of the hearing. The hearing was adjourned to allow the State time to prepare a response.

The postconviction relief hearing was reconvened on February 27, 1997. The court denied the application and this appeal was then filed.

**I. STANDARD OF REVIEW.** Our review of constitutional rights is de novo. *State v. Haviland,* 532 N.W.2d 767, 768 (Iowa 1995). We must look at the totality of the circumstances as shown by the entire record. *State v. Cook,* 530 N.W.2d 728, 731 (Iowa 1995).

**II. INEFFECTIVE ASSISTANCE OF COUNSEL.** Defendant bears the burden of demonstrating ineffective assistance of counsel. *State v. Morgan,* 559 N.W.2d 603, 612 (Iowa 1997); *Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994); *State v. Kone,* 557 N.W.2d 97, 102 (Iowa App.1996). "A defendant receives ineffective assistance of counsel when (1) the defense attorney fails in an essential duty and (2) prejudice results." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Bugely,* 562 N.W.2d 173, 178 (Iowa 1997). To prove counsel failed in an essential duty, the defendant must prove the attorney's performance was outside the range of normal competency. *Kone,* 557 N.W.2d at 102. The court will generally presume counsel is competent, and

we will not second guess a reasonable trial strategy. *State v. Wissing*, 528 N.W.2d 561, 564 (Iowa 1995).

> [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered trial strategy."

*Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95).

■ "The benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process the procedures cannot be relied on as having produced a just result." *Kone*, 557 N.W.2d at 102. It is not enough to simply claim counsel should have done a better job. *Dunbar*, 515 N.W.2d at 15. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation would have changed the outcome. *Id.*

■ The test for prejudice is whether counsel's failure worked to the defendant's actual and substantial disadvantage so that a reasonable probability exists that but for the trial attorney's unprofessional errors, the resulting conviction would have been different. *State v. Johnson*, 534 N.W.2d 118, 128 (Iowa App.1995). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Kone*, 557 N.W.2d at 102.

■ Stewart alleges her counsel, Robert Powers, was ineffective because he advised her to sign a written plea agreement which misstates the law. The plea agreement states:

> 6. I fully understand that once this agreement is signed it will be binding upon me. If I later change my mind and seek to withdraw from this agreement, I will be subject to prosecution for First Degree Murder and two counts of Kidnapping in the First Degree in the State of Iowa. I also understand withdrawal from this Iowa plea agreement may also subject me to prosecution in the State of Missouri for one count of Murder in the First Degree and that the prosecution for the State of Missouri would request the death penalty if I am convicted of Murder in the First Degree in the State of Missouri. In the event of my withdrawal from this plea agreement, any statements from the date of and related to this agreement which I have made to representatives of the State of Iowa and State of Missouri prior to signing this agreement, may be used by the prosecutorial authorities of either state to impeach my testimony at my trial in either state. Any statements which I have made after signing this agreement, together with this agreement itself, may be used by the State of Iowa and State of Missouri in the case-in-chief in any court proceeding against me, notwithstanding Iowa Rule of Criminal Procedure 9(5).[1]

Powers testified he believed the paragraph waived the application of Iowa Rule of Criminal Procedure 9(5). He also testified he fully explained the plea agreement with Stewart and she understood it.

We find paragraph six is a valid waiver of rule 9(5). *See State v. Hinners*, 471 N.W.2d 841 (Iowa 1991). Powers' decision to enter into the plea agreement was clearly a strategy to allow his client to avoid the death penalty. We will not question this strategy on appeal. Stewart knowingly, intelligently, and voluntarily entered into the plea agreement. We also find, as did the district court, Stewart was advised of all the ramifications regarding the plea and ultimate sentence.

For these reasons, we affirm the district court's denial of Stewart's application for postconviction relief.

**AFFIRMED.**

SACKETT, J., takes no part.

---

1. *Iowa Rule of Criminal Procedure 9(5) provides:*
   5. Inadmissibility of Plea Discussions. If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible in any criminal or civil action or administrative proceeding.