M. Kathlyn BURGESS, Applicant–
Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 97–0879.

Court of Appeals of Iowa.

June 24, 1998.

Paul D. Miller of Zimmermann, Miller & Arenson, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Denver D. Dillard, County Attorney, and Todd Tripp, Assistant County Attorney, for appellee.

Heard by CADY, C.J., and VOGEL and MAHAN, JJ.

MAHAN, Judge.

Mary Kathlyn Burgess appeals the denial of her application for postconviction relief. Burgess alleges the trial court erred when it determined she received effective assistance of counsel. Burgess contends her counsel: (1)allowed her to plead guilty to a charge for which no factual basis existed; (2) failed to file a motion in arrest of judgment; and (3)failed to adequately inform her about the status of the law. We reverse.

Burgess was charged with second-degree theft based upon allegations she had received down payments for goods and services but failed to deliver them. Public Defender John Logan represented Burgess. Burgess initially entered a plea of not guilty to the charge but later changed her plea to guilty.

In the recent past, Logan had also represented Wallace Galbreath, who had been charged with a similar crime. Galbreath also pled guilty to second-degree theft. After pleading guilty, Galbreath released and replaced Logan. Galbreath's new counsel filed a motion in arrest of judgment. The district court denied Galbreath's motion. Galbreath appealed, claiming no factual basis existed for the crime because the cash advanced as a down payment did not qualify as property of another. Logan admitted he followed the Galbreath case and was aware this court had ruled in Galbreath's favor prior to Burgess' sentencing. Logan was also aware the case had been appealed to the supreme court and the supreme court had not ruled on the case prior to Burgess' sentencing.

At no time did Logan inform Burgess of his representation of Galbreath, the similarity of their claims, this court's ruling in favor of Galbreath, its possible impact on Burgess' case, nor the fact the supreme court had granted the State's request for further review. Logan allowed the court to proceed to sentencing with no motion in arrest of judgment.

Burgess filed a direct appeal of her conviction. We denied her appeal, but preserved her claim of ineffective assistance of counsel for postconviction relief.

**I. STANDARD OF REVIEW.** Our review of constitutional rights is de novo. *State v. Haviland*, 532 N.W.2d 767, 768 (Iowa 1995). We must look at the totality of the circumstances as shown by the entire record. *State v. Cook*, 530 N.W.2d 728, 731 (Iowa 1995).

**II. INEFFECTIVE ASSISTANCE OF COUNSEL.** The defendant bears the burden of demonstrating ineffective assistance of counsel. *State v. Morgan*, 559 N.W.2d 603, 612 (Iowa 1997); *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994); *State*

*v. Kone*, 557 N.W.2d 97, 102 (Iowa App.1996). "A defendant receives ineffective assistance of counsel when (1) the defense attorney fails in an essential duty and (2) prejudice results." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Bugely*, 562 N.W.2d 173, 178 (Iowa 1997). To prove counsel failed in an essential duty, the defendant must prove the attorney's performance was outside the range of normal competency. *Kone*, 557 N.W.2d at 102. The court will generally presume counsel is competent, and we will not second guess a reasonable trial strategy. *State v. Wissing*, 528 N.W.2d 561, 564 (Iowa 1995).

[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered trial strategy."

*Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95). "The benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process the trial cannot be relied on as having produced a just result." *Kone*, 557 N.W.2d at 102. It is not enough to simply claim counsel should have done a better job. *Dunbar*, 515 N.W.2d at 15. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation would have changed the outcome. *Id.*

The test for prejudice is whether counsel's failure worked to the defendant's actual and substantial disadvantage so that a reasonable probability exists that but for the trial attorney's unprofessional errors, the resulting conviction would have been different. *State v. Johnson*, 534 N.W.2d 118, 128 (Iowa App.1995). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Kone*, 557 N.W.2d at 102.

Burgess claims *State v. Galbreath*, 525 N.W.2d 424 (Iowa 1994), establishes there is no factual basis to support her plea to the charge of second-degree theft. In *Galbreath*, the supreme court affirmed this court and

determined "cash advanced as a down payment will not qualify as 'property of another' because title and possession are transferred from the owner to the contractor—not in trust—but outright." *Id.* at 427.

The State contends Logan is not required to be a clairvoyant or a "crystal gazer;" he must be judged in terms of his actions consistent with the existing state of the case law. In Logan's explanation of the events, he explained,

> It seems when the "Supremes" would take [a case on further review], it usually meant they intended to revoke the ruling of the Court of Appeals. Now I have never made any kind of statistical analysis of that or know that to be exactly, but it sure felt that way.

While counsel does not have a duty to be a "crystal gazer," he does have a duty to inform his client of the possibility of a defense to the charge against her. Counsel knew this court had already ruled in favor of Galbreath and he had read the opinion. He knew or should have known there was a possibility the case could help to acquit Burgess, but he did nothing.

We find counsel's failure to inform Burgess of the possibility of a complete defense to the charge against her was a breach of an essential duty to his client. We also find this failure resulted in prejudice as there is a reasonable probability the trial court would have granted a motion in arrest of judgment.

**III. DISMISSAL OF CHARGES.** As stated in *Galbreath*, "it appears that no additional facts will save this plea; defendant, if [she] is indeed guilty of theft, has been charged with the wrong offense." *Galbreath*, 525 N.W.2d at 426. Therefore, as did the supreme court in *Galbreath*, we remand for dismissal of the charge without prejudice to the State's right to re-indict Burgess under a code section supportable by the available evidence. *See id.*; *see also State v. Schoelerman*, 315 N.W.2d 67, 75 (Iowa 1982).

For these reasons, we reverse the judgment of the district court.

**REVERSED.**