**STATE of Iowa, Appellee,**

v.

**Eric MARTIN, Appellant.**

**No. 97–1133.**

Court of Appeals of Iowa.

Sept. 30, 1998.

---

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, William E. Davis, County Attorney, and Kelly G. Raines, Assistant County Attorney, for appellee.

Considered by CADY, C.J., and STREIT and VOGEL, JJ.

STREIT, Judge.

Eric Martin appeals his conviction and sentence for robbery arguing there is insufficient evidence to prove his conviction and his

counsel was ineffective for failing to object to hearsay testimony. Because there is sufficient evidence supporting his conviction and his counsel did not fail an essential duty, Martin's conviction and sentence is affirmed.

## I. Background Facts & Proceedings.

Constance Rhinesmith's home was burglarized in August 1996. An investigating officer developed a suspect description after inquiring around the neighborhood. A Minolta Freedom camera, a Pentax camera, a camera case, several rings, and approximately $1000 in cash were stolen.

The police located the Pentax and Minolta cameras at a pawn shop. The items had been pawned by Damon Peterson, with the help of Eric Martin. Martin handed Peterson the stolen cameras to pawn, Peterson pawned them and handed the loot to Martin. Martin also tried to pawn a ring, but could not come to an agreement with the pawnbroker.

Martin was charged with third-degree burglary and second-degree theft. The case was tried to a jury. During direct examination of two police officers, the State asked each if they had a description of the suspect. Each time the question was asked, Martin's counsel objected on the basis of hearsay. His objections were overruled. The State then asked each officer to detail the suspect description for the jury. Martin's counsel did not object. The officers described the suspect as a black male, eighteen to nineteen years old, clean-shaven, and dressed nicely.

Martin was found guilty of the burglary and fourth-degree theft. He was sentenced to two indeterminate prison terms of five years and one year to run concurrently. Martin appeals.

## II. Sufficiency of the Evidence.

■ Martin preserved his challenge to the sufficiency of the evidence to support the burglary conviction by motioning for judgment of acquittal. The appellate scope of review from the denial of such a motion is well established:

> [R]eview of a substantial evidence claim is on error. [An appellate court is] bound

by the jury verdict unless the verdict is not supported by substantial evidence. In making this determination, [the court will] consider all the evidence in the light most favorable to the State. We accept all legitimate inferences that may fairly and reasonably be deducted from the evidence. Evidence is substantial if it could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. Direct and circumstantial evidence are equally probative. Evidence, whether direct or circumstantial, must however do more than create speculation, suspicion or conjecture.

*State v. Sanborn,* 564 N.W.2d 813, 815–16 (Iowa 1997)(quoting *State v.Bayles,* 551 N.W.2d 600, 608 (Iowa 1996)).

Martin claims there was insufficient evidence linking him to the burglary at Rhinesmith's home. He claims there was no physical evidence at the house, there were no eyewitnesses, the physical suspect description was introduced with no information of how it was obtained, and the description was so general as to fit any black male.

■ Martin argues there was no physical evidence linking him to the burglary. The record speaks differently. On August 8th, 1996, Constance Rhinesmith's home in Davenport, Iowa was burglarized. On August 12, 1996, Eric Martin had possession of the stolen cameras and rings. An inference of burglary may arise from the possession of recently stolen property when the surrounding circumstances are also considered. *See State v. Hall,* 371 N.W.2d 187, 189 (Iowa App.1985).

The surrounding circumstances strongly support the inference Martin committed the burglary. Martin sought out individuals to help him pawn the stolen property. A friend of Martin's, Donnie Townsend, called and asked Damon Peterson to pawn the items. Martin drove to Peterson's house to pick him up and then to a pawn shop in Davenport. He handed the items to Peterson and accompanied him into the pawn shop. There was no other evidence of how Martin acquired the stolen items. Once the group was at the pawn shop, Peterson presented the items to the pawn broker. Each time the broker

would offer a price, Peterson would seek Martins approval. After the items were pawned, the money was handed to Martin.

There was cash stolen in the burglary. Martin told the group he was planning to go to Florida, an indication he had money for such travel.

From this evidence, it may be fairly and reasonably concluded Martin committed the burglary at Rhinesmith's home. The evidence could convince a rational fact finder the defendant is guilty beyond a reasonable doubt.

### III. Ineffective Assistance of Counsel.

Martin argues his counsel was ineffective for failing to make a hearsay objection when the State asked the police officers to explain the suspect description developed by the police during their investigation.

■ ***A. Standard of Review.*** Generally, claims of ineffective assistance of counsel are preserved for postconviction proceedings. *State v. Kone,* 557 N.W.2d 97, 102 (Iowa App.1996). However, they may be resolved on direct appeal when the record adequately addresses the issues. *Id.*

■ The defendant bears the burden of demonstrating ineffective assistance of counsel. *State v. Morgan,* 559 N.W.2d 603, 612 (Iowa 1997); *Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994); *Kone,* 557 N.W.2d at 102. "A defendant receives ineffective assistance of counsel when: (1) the defense attorney fails in an essential duty; and (2) prejudice results." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Bugely,* 562 N.W.2d 173, 178 (Iowa 1997). To prove counsel failed in an essential duty, the defendant must prove the attorney's performance was outside the range of normal competency. *Kone,* 557 N.W.2d at 102. The court will generally presume counsel is competent, and we will not second guess a reasonable trial strategy. *State v. Wissing,* 528 N.W.2d 561, 564 (Iowa 1995).

[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must over-

come the presumption that, under the circumstances, the challenged action "might be considered trial strategy."

*Id.* (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95). "The benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process the trial cannot be relied on as having produced a just result." *Kone,* 557 N.W.2d at 102. It is not enough to simply claim counsel should have done a better job. *Dunbar,* 515 N.W.2d at 15. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation would have changed the outcome. *Id.*

■ The test for prejudice is whether counsel's failure worked to Davis' actual and substantial disadvantage so that a reasonable possibility exists that but for the trial attorney's unprofessional errors, the resulting conviction would have been different. *State v. Johnson,* 534 N.W.2d 118, 128 (Iowa App. 1995). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Kone,* 557 N.W.2d at 102.

In light of these standards, we assess whether defendant's counsel was ineffective for failing to object to the State's questions asking the officers to detail the suspect description received from other people in their investigation.

■ ***B. Objection to Hearsay Testimony.*** The following exchange took place at trial during the direct examination of Officer Berger:

Q: In that particular report, did you disclose a suspect description?

A: Yes.

MR. RAMIREZ: Objection, calls for hearsay.

THE COURT: Overruled.

Q: What suspect description did you provide to the detective bureau?

A. Suspect description was a male, black, 18 to 19–years old, clean-shaven, wearing pants and a shirt, with a black bag of some type.

During the direct examination of Detective Court the following exchange occurred:

Q: Did you have the suspect description to go on?

A: Yes.

MR. RAMIREZ: Objection, calls for hearsay.

THE COURT: Overruled.

BY MS. RAINES:

Q: What was the suspect description?

A: Suspect description given in the initial report was a male black between the ages of 18 and 19, dressed nice and clean, was the only description that could be given.

The trial court allowed the State to offer evidence detailing the suspect description in spite of defense counsel's untimely hearsay objection. The trial court admonished the jury, instructing the jury the statements were admissible "solely to assist the officers in explaining the progress and the direction of the investigation."

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 801(c). Hearsay is generally not admissible. Iowa R. Evid. 802.

 To determine whether the evidence was hearsay we must assess the real purpose for which the evidence was offered. *State v. Hollins,* 397 N.W.2d 701, 706 (Iowa 1986). The State argues the testimony of the officers was not offered to prove the truth of the suspect description, but to explain the course of the investigation conducted by the police. Review of the record indicates, however, the information was offered to create an inference the defendant was within the neighborhood of Rhinesmith's house at approximately the time it was burgled. *See State v. Curry,* 436 N.W.2d 371, 374 (Iowa App.1988). There is no other evidence placing the defendant near Rhinesmith's house at the time of the burglary. The evidence's real

purpose was to prove the truth of statements of witnesses not testifying and is hearsay by definition. No exceptions to the hearsay rule were argued by the State.

 The State argues even if the evidence is inadmissible hearsay the judge's admonishing instruction cured any impropriety. Cautionary instructions relating to the inadmissability of evidence help nullify the danger of unfair prejudice. *State v. Bayles,* 551 N.W.2d·600, 607 (Iowa 1996). In this case, because there was no other evidence placing the defendant near Rhinestone's house at the time of the burglary, the admonishing instruction was insufficient to prevent unfair prejudice. The testimony was inadmissable hearsay testimony.

The question remains whether Martin received ineffective assistance of counsel because his lawyer did not object to the hearsay testimony. Counsel's objections were insufficient to preserve error on whether the suspect description was erroneously admitted by the trial court.

The first question the prosecutor asked each of the police officers called for a "yes" or "no" answer. Defense counsel made a hearsay objection. The district court correctly overruled counsel's objection. The next question asking the witness to repeat the description given by nonwitnesses asked for more than a "yes" or "no" answer. The second question required explanation on the part of the police officers. It was objectionable because it called for hearsay testimony.[1]

Martin's counsel's failure to object may have been part of a reasonable trial strategy. For example, if the suspect description looked nothing like Martin, it may have been counsels strategy to allow the jury to hear the description. There is not a sufficient record to determine whether not objecting to the question was a reasonable trial strategy by Martin's counsel. The court will generally presume counsel is competent, and we will not second guess a reasonable trial strategy.

---

1. The argument defense counsel was not required to object to the second question after objecting to the first is akin to suggesting that if defense counsel objected to the question "Did you talk to anyone?" counsel would not be re-quired to object to the follow up question "Tell us what you were told." Clearly, the second question is not deemed objected to by the objection lodged against the first question.

*State v. Wissing,* 528 N.W.2d 561, 564 (Iowa 1995). This issue is preserved for postconviction proceedings where the record can be fully developed and defendant's counsel is given an opportunity to explain her actions. *See State v. Baker,* 560 N.W.2d 10, 15 (Iowa 1997).

**AFFIRMED.**