# IN THE COURT OF APPEALS OF IOWA

No. 16-0488
Filed January 11, 2017

**DAN DORRIS,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.


Applicant appeals the district court decision denying his request for postconviction relief from his conviction for first-degree murder. **AFFIRMED.**


Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Dan Dorris appeals the district court decision denying his request for postconviction relief from his conviction for first-degree murder. We find the district court did not act improperly by failing to record a postconviction hearing, by not having sufficiently specific findings of fact and conclusions of law in its decision, or by denying Dorris's request to file a pro se supplemental brief. Dorris has not shown he received ineffective assistance of counsel. The district court properly determined the rule announced in *State v. Heemstra*, 721 N.W.2d 549, 588 (Iowa 2006), should not be retroactively applied to Dorris's criminal conviction. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

Dorris was convicted of first-degree murder and willful injury for the shooting death of Timothy Osbourn in Council Bluffs on May 12, 1998.[1] Mike Shada testified he heard the shots and saw a gun in Dorris's hand immediately after the shooting. Dorris told Carrie Schiesow, "I just shot somebody today," and Schiesow saw Dorris throw a gun into the river. When Dorris was arrested in Arizona, he told officers he was wanted for questioning about a murder in Iowa. Dorris's conviction was affirmed on appeal. *State v. Dorris*, No. 98-1904, 2000 WL 1005436, at *4 (Iowa Ct. App. June 28, 2000).

Dorris filed an application for postconviction relief on October 10, 2003, claiming he received ineffective assistance of counsel during his criminal trial.

---

[1] Dorris was sentenced to life in prison on the charge of first-degree murder. His sentence for willful injury was merged into his life sentence.

On July 13, 2015,[2] the parties agreed the matter would be submitted through written argument and a stipulated record consisting of the trial court file, the decision of the Court of Appeals, and depositions and exhibits created for the postconviction proceeding.

The district court denied the application for postconviction relief. The court divided Dorris's claims into two categories—strategy and lack of diligence. The court considered Dorris's contentions within each of these categories. The court determined Dorris did not show defense counsel breached an essential duty or that Dorris was prejudiced as a result of his counsel's actions. Dorris filed a pro se motion pursuant to Iowa Rule of Civil Procedure 1.904(2), which was denied by the court. Dorris now appeals.

## II. Postconviction Hearing

Dorris claims the district court erred by not having the postconviction proceedings recorded. He relies on Iowa Code section 822.7 (2003), which addresses postconviction hearings and provides, "A record of the proceedings shall be made and preserved." He asks to have the case remanded for a recorded evidentiary hearing. "Generally, postconviction relief proceedings are reviewed for correction of errors at law." *Johnson v. State*, 860 N.W.2d 913, 918 (Iowa Ct. App. 2014).

Dorris's postconviction claims were scheduled for an evidentiary hearing on July 13, 2015. The parties' stipulation states, "At the evidentiary hearing scheduled for July 13, 2015, the parties agreed to submit this matter to the court

---

[2] It is not entirely clear from the record what caused the delay of more than eleven years from the time the postconviction application was filed until it was submitted to the district court for consideration.

by and through written argument and a stipulated record." The district court's ruling states, "This matter was submitted to the court upon written briefs and the stipulated record."

Section 822.7 applies to evidentiary hearings. *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). The record does not show an evidentiary hearing was held. If arguments or testimony were given on July 13, 2015, it does not appear the district court relied on them, because the parties agreed to submit the case solely on the stipulated record, and the district court's ruling reflects this. The parties agreed to submit the case through written briefs, the record of the criminal trial, depositions, and exhibits. We conclude Dorris has not shown an error due to a failure to record the postconviction proceedings.

### III. Postconviction Ruling

Dorris claims the district court erred by failing to make sufficiently specific findings of fact and conclusions of law in the ruling on his postconviction application. Section 822.7 provides, "The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." Dorris listed several issues he felt the court had failed to address in his pro se rule 1.904(2) motion, which the court summarily denied. Our review on this issue is for the correction of errors at law. *See Johnson*, 860 N.W.2d at 918.

"Despite the requirement of section 822.7 that the district court make specific findings of fact and conclusions of law as to each issue, we have said that substantial compliance is sufficient." *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006). "Even if the court does not respond to all of the applicant's *allegations,* the ruling is sufficient if it responds to all the *issues* raised." *Id.*

We determine the district court substantially complied with the requirement of section 822.7. The court divided Dorris's claims into two categories, listed the claims within each category, and then reached a conclusion as to each category. The court's ruling responded to all of the issues raised by Dorris, although it did not separately address each allegation, and this is sufficient to comply with section 822.7. *See id.*

### IV. Pro Se Brief

Dorris claims the district court erred by denying him the opportunity to file a pro se brief. As noted above, the parties agreed to submit the case to the district court through written arguments and a stipulated record. Dorris's postconviction counsel submitted a brief on October 18, 2015. Dorris filed a pro se motion on November 2, 2015, and sought a continuance to permit him to file a supplemental brief.[3] The court stated, "[Dorris] is given an opportunity to confer with counsel and make a determination whether a supplemental brief or modified proposed order should be filed by counsel, and same should be submitted . . . by November 30, 2015." Dorris filed a "reply" asking to be permitted to file a pro se supplemental brief if he was not able to have the matter resolved with counsel by November 30, 2015. No action was taken by the court in regard to this "reply." On November 23, 2015, postconviction counsel filed a motion for leave to file a replacement brief, which the district court granted.

---

[3] Dorris also sought transcripts from July 13, 2015, and this request was denied by the district court. The record does not show an evidentiary hearing was held on July 13, 2015. In any event, any hearing that was held was not recorded, so no transcripts were available.

We conclude Dorris had an adequate opportunity to submit his pro se issues to the court. The replacement brief filed by postconviction counsel on November 23, 2015, includes several issues under the caption, "Applicant's (Pro-Se) Additions to Brief Containing Additional Claims of Ineffective Assistance of Counsel," and contains several pages of discussion about those issues. Dorris did not make any further requests to submit a supplemental pro se brief after the replacement brief was filed. We conclude the replacement brief filed by postconviction counsel adequately included all of the pro se issues Dorris sought to raise in this postconviction proceeding. We conclude Dorris was not precluded from raising his pro se issues before the district court.

## V.    Ineffective Assistance

We review claims of ineffective assistance of counsel de novo. *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). "To prevail on a claim of ineffective assistance of counsel, the claimant must show counsel failed to perform an essential duty and prejudice resulted." *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016). An applicant has the burden to establish a claim of ineffective assistance of counsel. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

**A.**    Dorris claims he received ineffective assistance because defense counsel did not adequately investigate the deal the State made with Shada. He points out the prosecutor in his criminal trial, Jeffrey TeKippe, was later convicted of drug-related crimes.[4] Dorris states the nature of the deal made between Shada and TeKippe concerning Shada's testimony in Dorris's criminal trial was not thoroughly investigated.

---

[4] See *State v. TeKippe*, No. 07-1840, 2009 WL 1492660 (Iowa Ct. App. May 29, 2009).

During cross-examination in the criminal trial, Shada testified he had been granted immunity for any drug-related crimes in exchange for his testimony. On redirect, Shada testified he had no immunity whatsoever with respect to the shooting. The order granting Shada limited immunity was presented as an exhibit in Dorris's criminal trial. Dorris does not propose what further investigation into the deal between Shada and the State would have revealed or how the results of further investigation would have affected the result of the trial. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). It is not enough to claim an attorney should have done a better job; "[t]he applicant must state the specific ways in which counsel's performance was inadequate and how competent representation probable would have changed the outcome." *Id.* We conclude Dorris has not shown he received ineffective assistance of counsel on this ground.

**B.** Dorris also claims he received ineffective assistance because defense counsel did not vigorously pursue access to police reports and witness statements. Prior to trial, defense counsel filed a "Request for Production and Disclosure." During a hearing on the request, defense counsel stated, "We have discovered evidence which I think can fairly be labeled exculpatory, in depositions in this case." The State resisted providing Dorris with incident reports prepared by law enforcement officers prior to the time the officers testified, and the district court denied Dorris's request for disclosure of the reports. The court ordered the State to provide Dorris with recorded witness statements. Dorris claims defense counsel should have pursued access to the reports.

Again, Dorris does not propose what was in the officers' incident reports or how access to the reports would have impacted his case. *See State v. Astello*, 602 N.W.2d 190, 198 (Iowa Ct. App. 1999) ("[Defendant] must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome."). It is not enough for an applicant to simply state how defense counsel could have done a better job. *Burgess v. State*, 585 N.W.2d 846, 847 (Iowa Ct. App. 1998). We conclude Dorris has not shown he received ineffective assistance of counsel on this ground.

**C.** Dorris claims he received ineffective assistance from postconviction counsel because there was no meaningful investigation into whether TeKippe engaged in prosecutorial misconduct in Dorris's case, prior to his later criminal conviction. TeKippe was convicted nearly ten years after he was involved in the prosecution in Dorris's criminal trial. Dorris has not made any showing of how the prosecutor's subsequent legal problems impacted Dorris's criminal trial many years earlier. *See State v. Martin*, 587 N.W.2d 606, 609 (Iowa Ct. App. 1998) (noting an applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome of the case).

**D.** Dorris briefly claims he received ineffective assistance of counsel because defense counsel showed an unwillingness to pursue investigation and interview potential witnesses and failed to object to the prosecution's use of a gun that was not the murder weapon. The random mention of an issue, without elaboration or supporting authority, is not sufficient to raise the issue for

consideration on appeal. *State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999) (citing *Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 689 (Iowa 1994)). We, therefore, do not consider these claims.

## VI.    Retroactive Application of *Heemstra*

Dorris claims the Iowa Supreme Court's decision in *Heemstra*, 721 N.W.2d at 558, should be retroactively applied in his case. In Dorris's criminal trial, held in 1998, the jury was instructed it could find Dorris guilty if he killed Osbourn with premeditation or if Dorris was participating in the offense of willful injury. The jury found Dorris guilty of first-degree murder and willful injury.

Several years later, the Iowa Supreme Court decided "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Heemstra*, 721 N.W.2d at 558. The court determined the new rule would only apply to cases not finally resolved on direct appeal at that time. *Id.* In *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009), the court again stated the rule announced in *Heemstra* would not be applied retroactively. More recently, in *Nguyen v. State*, 878 N.W.2d 744, 759 (Iowa 2016), the court concluded its decision not to apply *Heemstra* retroactively did not violate the due process, separation of powers, or equal protection clauses of the Iowa Constitution or the Equal Protection Clause of the United States Constitution.

We conclude the district court properly determined the rule announced in *Heemstra* should not be retroactively applied in Dorris's criminal case.

We affirm the decision of the district court.

**AFFIRMED.**