STATE of Iowa, Appellee,

v.

Mary Kathlyn BURGESS, Appellant.

No. 99–1159.

Supreme Court of Iowa.

Dec. 19, 2001.

Rehearing Denied Feb. 25, 2002.

Don W. Schroeder, West Liberty, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Denver D. Dillard, County Attorney, and Jerry Vander Sanden, Assistant County Attorney, for appellee.

STREIT, Justice.

Mary Kathlyn Burgess kept money paid by her customers for decorating services she never rendered. Burgess entered an *Alford* plea to a charge of theft by misappropriation. The Iowa Court of Appeals dismissed the charge without prejudice to allow the State to re-indict Burgess. *See Burgess v. State*, 585 N.W.2d 846, 848 (Iowa Ct.App.1998). The State then filed a trial information charging Burgess with theft by deception. Again, Burgess entered an *Alford* plea to the charge. She now appeals from her conviction and sentence for third-degree theft by deception. Iowa Code §§ 714.1(3), 714.2(2) (1993). She contends the charge of theft by deception violated the applicable statute of limitations and her right to a speedy trial. She also argues the charge violated her right to be free from double jeopardy. We find Burgess waived her statute of limitations and speedy trial claims by entering an *Alford* plea to the charge. Because we find the charge of theft by deception does not implicate principles of double jeopardy, we affirm.

## I. Facts

Mary Kathlyn Burgess, an interior decorator, took money and furnishings from clients wanting decorating services. However, she failed to render her services. On July 30, 1993, the State charged Burgess with one count of second-degree theft by misappropriation. *Id.* § 714.1(2) (1993). After a series of continuances and a change in counsel, Burgess entered an *Alford* plea on August 30, 1994. The district court sentenced her to a term not to ex-

ceed five years, suspended the term, and placed her on probation for five years. Burgess appealed her conviction arguing her trial counsel was ineffective for failing to challenge the factual basis of her plea.

On August 17, 1995, the Iowa Court of Appeals affirmed her conviction, but found there was no factual basis for the plea and preserved her claim for postconviction proceedings. In 1996, Burgess filed an application for postconviction relief. After a hearing on the matter, the postconviction court denied Burgess' request for relief. Burgess appealed and in 1998 the appellate court found Burgess' trial counsel was ineffective because he failed to completely inform Burgess of the possibility of a complete defense to the charge against her. The court remanded the case for dismissal of the charge without prejudice so the State could re-indict Burgess under a code section supportable by the available evidence.

In accordance with the appellate court ruling, the State filed a trial information and charged Burgess with second-degree theft by deception. Burgess filed a motion to dismiss the charge asserting the charge was filed beyond the statute of limitations, and violated her rights to a speedy indictment and to be free from double jeopardy. Following a hearing, the district court denied Burgess' motion to dismiss. Finally, in June 1999, Burgess entered an *Alford* plea to third-degree theft by deception. *Id.* §§ 714.1(3), 714.2(2). Burgess waived her right to be present at the time her plea was entered and the court fined her $500. Burgess appeals.

On appeal Burgess contends the charge of third-degree theft by deception should have been dismissed as it was barred by the statute of limitations. She also contends the State's delay in filing the theft by deception charge deprived her of the constitutional right to a speedy indictment.

She finally argues the subsequent prosecution of theft by deception after dismissing her conviction of theft by misappropriation is a violation of double jeopardy.

## II. Scope of Review

 Burgess claims the charge of theft by deception should have been dismissed as it was barred by the statute of limitations. As to this issue, our standard of review is for correction of errors at law. Iowa R.App. P. 4; *State v. Hippler*, 545 N.W.2d 568, 569 (Iowa 1996). As to Burgess' constitutional claims, the appropriate standard of review is de novo. *State v. Washburne*, 574 N.W.2d 261, 263 (Iowa 1997); *State v. Alspach*, 554 N.W.2d 882, 883 (Iowa 1996).

## III. Statute of Limitations and Speedy Indictment

██ Burgess argues the charge of theft by deception was barred by the statute of limitations and it violated her right to a speedy indictment. She also argues the charge of theft by deception violated her right to be free from double jeopardy. We first address the statute of limitations and speedy indictment issues as Burgess waived these challenges by the entry of her *Alford* plea.

 An *Alford* plea is a variation of a guilty plea. In effect, the pleas are the same as the defendant is agreeing to the imposition of a criminal sentence for the crime charged.[1] A guilty plea freely and voluntarily entered waives all defenses and objections, including constitutional guarantees. *State v. Yodprasit*, 564 N.W.2d 383,

385 (Iowa 1997). However, in certain circumstances, a defendant does not waive the right to challenge the plea itself, the right to challenge the indictment or information if it charges no offense, and the right to be free from double jeopardy. *See id.; see also State v. White*, 545 N.W.2d 552, 554 (Iowa 1996). The rights to challenge a charge based on statute of limitations or speedy indictment grounds are not exceptions to the general rule of waiver. Consequently, we do not address either the statute of limitations or speedy indictment claims because Burgess waived them by entering an *Alford* plea. The central issue in this case is whether the charge of theft by deception violates Burgess' right to be free from double jeopardy. We now turn to this issue.

## IV. Double Jeopardy

 Burgess asserts she was placed twice in jeopardy after the Iowa Court of Appeals remanded the case for dismissal of the charge of theft by misappropriation without prejudice to allow the state to "re-indict Burgess under a code section supported by the evidence." Burgess captioned her double jeopardy argument in terms of a violation of the United States Constitution. However, at the end of the double jeopardy analysis, she asserted double jeopardy claims based on both the Federal and Iowa constitutions. U.S. Const. amend. V; Iowa Const. art. I, § 12. Burgess merely cited the applicable provision of the Iowa Constitution without engaging in a separate analysis based on this

---

1. An *Alford* plea is different from a guilty plea in that when a defendant enters an *Alford* plea, he or she does not admit participation in the acts constituting the crime. *See State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974). Though the defendant does not admit guilt, he or she may voluntarily, knowingly, and understandingly consent to the imposition of a sentence. *Id.* There is no material difference between the pleas, however, when a defendant intelligently concludes his interests require entry of a guilty plea and the State has overwhelming evidence of the defendant's guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970).

provision. She did not argue the protections afforded to her by the Federal and State constitutions were in any way distinguishable with respect to her double jeopardy claim and therefore we restrict our analysis to the federal constitution.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, protects defendants from prosecution for the same offense after conviction or acquittal, and against multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977). The Double Jeopardy Clause is based on principles of finality and the prevention of prosecutorial overreaching. *State v. Taylor,* 596 N.W.2d 55, 56 (Iowa 1999). The purpose of this clause is to protect against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969), *overruled on other grounds in Alabama v. Smith,* 490 U.S. 794, 803, 109 S.Ct. 2201, 2207, 104 L.Ed.2d 865, 875 (1989). Burgess' argument focuses on the prevention of a second prosecution for the same offense after acquittal. Her argument is partly based on the belief the charges of theft by deception and theft by misappropriation are a single offense. We disagree.

The double jeopardy protection against prosecution for the same offense after conviction or acquittal serves the purpose of restraint on the courts and prosecutors. *Brown,* 432 U.S. at 165, 97 S.Ct. at 2225, 53 L.Ed.2d at 194. In cases implicating the protection against prosecution for the same offense after conviction, the question is whether the offenses prosecuted constitute the "same offense." Iowa Code § 816.1 (1999) ("conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense"). The test for determining whether two offenses are the same within the meaning of the Double Jeopardy Clause is whether each provision requires proof of an additional fact which the other does not. *State v. Ruesga,* 619 N.W.2d 377, 382 (Iowa 2000); *see United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, 568 (1993); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). In other words, we compare the two offenses to determine whether one is a lesser-included offense of the other. *State v. Schmitz,* 610 N.W.2d 514, 516 (Iowa 2000); *State v. Jeffries,* 430 N.W.2d 728, 734 (Iowa 1988) (citing *Ex parte Nielsen,* 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118, 122 (1889)). If an offense is a lesser-included one of the offense charged, a conviction or acquittal of the charged offense bars a subsequent prosecution of the lesser offense. *Jeffries,* 430 N.W.2d at 734 (citing *Nielsen,* 131 U.S. at 188, 9 S.Ct. at 676, 33 L.Ed. at 122). Similarly, a conviction or acquittal of the lesser-included offense bars a subsequent prosecution of the greater offense. *Id.* If, after an examination of the statutory elements of two offenses, we determine one offense is not a lesser-included offense of the other, then the principles of double jeopardy are not implicated. *See, e.g., Dixon,* 509 U.S. at 701–02, 113 S.Ct. at 2859–60, 125 L.Ed.2d at 571–72 (where defendant convicted of violation of civil protection order, subsequent conviction for assault with intent to kill and threatening to injure or kidnap did not violate principles of double jeopardy); *Wrublewski v. McInerney,* 166 F.2d 243, 244–45 (9th Cir.1948) (offense of assault with intent to commit murder is not such

an ingredient of manslaughter that acquittal of assault would authorize a plea of double jeopardy to subsequent manslaughter charge even though identical factual situation was involved in both cases); *State v. Burton,* 231 N.W.2d 577, 578 (Iowa 1975) (dismissed charge of burglary with aggravation did not bar subsequent prosecution of robbery with aggravation because the two crimes are not the "same offense" for purposes of "former jeopardy"); *State v. Cowman,* 239 Iowa 56, 60, 29 N.W.2d 238, 240 (1947) (where original charge of breaking and entering was dismissed, subsequent prosecution for larceny from a building in the nighttime was not precluded by double jeopardy); *State v. Dickson,* 200 Iowa 17, 20, 202 N.W. 225, 226 (1925) (dismissal before trial of information charging assault and battery did not bar prosecution for assault with intent to do great bodily injury though both charges arose from same transaction); *State v. Ingalls,* 98 Iowa 728, 730, 68 N.W. 445, 446 (1896) (acquittal of larceny is not a bar to prosecution for breaking and entering based upon the same facts); *State v. Liakos,* 142 N.H. 726, 731–32, 709 A.2d 187, 190 (1998) (dismissal by court of homicide charge, causing death of another while operating motor vehicle under the influence of valium, did not preclude retrial on charge of negligent homicide, causing death of another by crossing double yellow line, after declaration of mistrial); *Commonwealth v. Rosario,* 438 Pa.Super. 241, 252–58, 652 A.2d 354, 360–62 (1994) (trial court's sua sponte withdrawal of appellant's guilty plea to hindering apprehension or prosecution did not bar subsequent prosecution for murder and conspiracy); *Shute v. State,* 858 S.W.2d 606, 608 (Tex. Ct.App.1993) (reversal for insufficient evidence of defendant's conviction for attempted capital murder of peace officer did not bar subsequent prosecution for attempted murder); *Martin v. Common-* *wealth,* 242 Va. 1, 7–8, 406 S.E.2d 15, 18 (1991) (defendant's prosecution and conviction for obstructing justice did not bar subsequent prosecution for attempted murder and use of firearm in commission of attempted murder); *Harvey v. State,* 835 P.2d 1074, 1078 (Wyo.1992) (prior convictions for kidnapping and first-degree sexual assault did not, under double jeopardy clause, bar prosecution for conspiracy).

Burgess claims when the court of appeals dismissed the charge of theft by misappropriation without prejudice, it acquitted Burgess on the charge based on insufficient evidence. The State later filed a trial information charging Burgess with theft by deception. Given these facts, Burgess argues the State is barred from re-indicting her. *See Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1, 9 (1978) ("[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding"). Burgess argues the two charges are the "same offense" for purposes of double jeopardy. She contends theft by misappropriation is a lesser-included offense of theft by deception. We find one particular Iowa statute instructive on this issue. Iowa Code section 816.2 provides:

> When a defendant has been convicted or acquitted upon an indictment for an offense consisting of different degrees, the conviction or acquittal shall be a bar to another indictment for the same offense charged in the former or for any lower degree of that offense, or for an offense necessarily included therein.

Iowa Code § 816.2. Assuming without deciding the action of the Iowa Court of Appeals in dismissing the charge of theft by misappropriation constituted an acquittal on the charge, we turn to whether the two crimes are the "same offense" for purposes of the Double Jeopardy Clause.

The critical issue is whether theft by deception is a lesser-included offense of theft by misappropriation. To determine this issue, we must examine the elements of each offense. A person commits theft by misappropriation if he or she:

(1) Misappropriates property which the person has in trust, or property of another which the person has in the person's possession or control, whether such possession or control is lawful or unlawful,

(2) by using or disposing of it in a manner which is inconsistent with or a denial of the trust or of the owner's rights in such property,

(3) or conceals found property,

(4) or appropriates such property to the person's own use,

(5) when the owner of such property is known to the person.

Iowa Code § 714.1(2).

A person commits theft by deception when he or she:

(1) Obtains the labor or services of another,

(2) or a transfer of possession, control, or ownership of the property of another,

(3) by deception.

Iowa Code § 714.1(3).

▮ Comparing the two offenses side by side, it is plain theft by deception contains elements not essential to proof of theft by misappropriation. Contrary to Burgess' contention, it is possible to commit theft by deception without also committing theft by misappropriation. If it is possible to commit one crime without committing the other, each offense is separate and not a lesser-included offense of the other. *Taylor*, 596 N.W.2d at 57.

While there may be some similarity of proof between the two charges, neither is a lesser-included offense of the other because each contains some distinct elements not included in the other charge. Under Iowa Code section 714.1(2), the State must prove the owner retained some interest in the property misappropriated by the defendant. To the contrary, theft by deception requires proof that not only possession, but ownership of the property transferred to the defendant through a component of dishonest or false conduct by the defendant. *See State v. Galbreath*, 525 N.W.2d 424, 426–27 (Iowa 1994) (statutory theft classifications clearly distinguish between theft based on misappropriation of funds in which the owner retains an interest and theft by deception that results in the transfer of possession and ownership). The charge of theft by deception, therefore, requires proof of facts different than those facts required to prove theft by misappropriation. A single act may be an offense against two statutes. However, if each statute includes elements which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other. *See* Iowa Code § 816.2. We do not have before us a case where the state retried the defendant for the same offense. Consequently, because the charges of theft by misappropriation and theft by deception are not the "same offense," the Double Jeopardy Clause is not implicated.

## V. Conclusion

In conclusion, the appellate court dismissed the original charge without prejudice permitting the State to re-indict Burgess under a code section appropriate under the available evidence. Despite the fact the initial charge was dismissed for lack of sufficient evidence, the State is not barred from re-indicting Burgess.

Even if the dismissal of theft by misappropriation constituted an acquittal of the charge, it was proper for the State to re-indict Burgess to charge theft by deception as the two charges are not the "same offense" for purposes of double jeopardy. Since we find double jeopardy is not implicated in this case, we affirm.

**AFFIRMED.**

All justices concur except CARTER, J., who takes no part.