# IN THE COURT OF APPEALS OF IOWA

No. 13-1846
Filed January 28, 2015

**TRAVIS LEFTWICH,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Clayton County, John Bauercamper, Judge.

Travis Leftwich appeals from the district court's denial of his petition for postconviction relief. **AFFIRMED.**

Scott J. Nelson, Dubuque, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and Alan T. Heavens, County Attorney, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Travis Leftwich appeals from the district court's denial of his petition for postconviction relief.

### I. Factual and Procedural Background

On March 3, 2009, Leftwich entered *Alford* guilty pleas[1] to one count of third-degree sexual abuse and one count of intent to commit sexual abuse causing bodily injury. The guilty pleas were part of a plea arrangement with the State contingent upon the court's acceptance wherein the terms of incarceration for both counts would run concurrent with each other and with other separate charges against Leftwich. Following a plea colloquy, the district court accepted Leftwich's submitted written *Alford* pleas.

Sentencing occurred on April 7, 2009. At the hearing, it came to light that mandatory special sentencing provisions found in Iowa Code section 903B.1 (2007) would apply to Leftwich's sentence.[2] The provisions had not been discussed during the plea colloquy, and counsel admitted to the sentencing court he "had not previously discussed" them with Leftwich. The court permitted

---

[1] In an *Alford* plea, the defendant professes innocence but makes a knowing and voluntary determination that consent to the imposition of a sentence is in his best interest. *See State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

[2] Iowa Code section 903B.1 provides in relevant part:

> A person convicted of a class "C" felony or greater offense [under sexual abuse provisions] . . . shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for the rest of the person's life, with eligibility for parole . . . . The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole.

Leftwich and his counsel to take a recess to discuss the provision. After the recess, counsel explained to the court:

> Your Honor, I would just note for the record that during the recess, the defendant and I did go over the provisions of Code Section 903B.1 and confirmed that this is one of the provisions that calls for the personal sentence provision. We reviewed the language that would be included in the special sentence provision, and we also reviewed appropriate sections of the Iowa Practice regarding criminal law dealing with this provision.

He went on to explain that after conferring with counsel "Mr. Leftwich indicated that given the circumstances, he would like to proceed with the sentencing today knowing that the special provision will be with it." The sentencing hearing continued, and Leftwich took advantage of his opportunity for allocution, telling the court, "I'm going to take my punishment. But I want the Court to know that I'm really not a threat to anybody." Leftwich did not discuss the imposition of the special sentence in his allocution. Sentencing proceeded in accordance with the plea agreement and with the additional imposition of the mandatory special sentence.

On March 30, 2012, almost three years after he was sentenced, Leftwich petitioned the district court for postconviction relief based on a claim of ineffective assistance of counsel. The district court denied the petition after an evidentiary hearing. Leftwich appeals.

**II. Standard of Review**

"We review ineffective-assistance-of-counsel claims de novo." *Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014).

**III. Discussion**

To receive postconviction relief for ineffective assistance, an applicant must show by a preponderance of the evidence that counsel breached an essential duty and that prejudice resulted. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

To demonstrate a breach of an essential duty, the applicant must show his counsel's performance, when measured against prevailing professional norms, was "below the standard demanded of a reasonably competent attorney." *Lamasters*, 821 N.W.2d at 866.

To demonstrate prejudice, the applicant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The applicant's "conclusory claim of prejudice . . . is not a sufficient assertion of prejudice. She must show a reasonably probability that, but for counsel's error, she would not have entered the plea of guilty." *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002) (citing *Hill v. Lockhart*, 747 U.S. 52, 59 (1985)).

Leftwich asserts his counsel was ineffective by failing to apprise him of the applicability of Iowa Code section 903B.1 prior to the entry of his guilty plea. He claims "[h]ad he been fully apprised of the special sentencing provision before he entered the *Alford* [p]lea, he would have had sufficient time to weigh his options and make an informed decision, which he states would have been to go forward with [t]rial."

This court has previously held that a court's failure to advise a defendant of the applicability of the special sentencing provisions in Iowa Code chapter 903B gives rise to an essential duty of counsel to either correct the omission or file a motion in arrest of judgment. *See State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009). It is undisputed that the court failed to so advise Leftwich before accepting his pleas. It is further undisputed that counsel neither corrected the omission nor filed a motion in arrest of judgment. Leftwich has established by a preponderance of the evidence that his counsel breached an essential duty.

However, we agree with the district court that Leftwich has not established prejudice resulting from counsel's error. The only evidence Leftwich offers to show prejudice is his own present assertion that he would have gone to trial if he had known about the special sentencing requirement. But his conclusory claim is not sufficient to support a finding of prejudice. *See Myers*, 653 N.W.2d at 579.

The district court could only accept Leftwich's *Alford* pleas because "the record before the judge contain[ed] strong evidence of actual guilt." *State v. Klawonn*, 609 N.W.2d 515, 521 (Iowa 2000) (quoting *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)). The strength of the record against Leftwich was not diminished by any sentencing provisions. Leftwich's decision to enter the *Alford* plea meant that based on the record, he "intelligently conclude[d] that his interests require[d] entry of a guilty plea." *Id.*

Though he was not made aware of special sentencing provisions until the sentencing hearing, his attorney discussed the provision with him and gave him the opportunity to express his reservations "if he felt that he needed to discuss it

further[] or do additional research." Leftwich nevertheless elected to proceed with sentencing.

Based upon Leftwich's decisions to pursue a plea agreement, submit *Alford* pleas, and continue with sentencing even after conferring with counsel about the special sentencing provisions, Leftwich has failed to persuade us that he was prejudiced by counsel's error. We find no support in the record for his bare assertion that he would have gone to trial. He has failed to show by a preponderance of the evidence that he would not have entered his *Alford* pleas and would not have accepted the charging and sentencing concessions in his plea agreement.

We agree with the district court that Leftwich has failed to show prejudice. We therefore affirm the denial of his petition for postconviction relief.

**AFFIRMED.**