# IN THE COURT OF APPEALS OF IOWA

No. 15-2215
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARGIE ANN McCALEB,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

Margie Ann McCaleb appeals the district court's order denying her request for substitute counsel and claims her trial counsel was ineffective, thereby preventing her from knowingly and intelligently entering a guilty plea. **AFFIRMED.**

Harry L. Haywood III of Haywood Law Office, Eldora, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Margie Ann McCaleb appeals the district court's order denying her request for substitute counsel and claims her trial counsel was ineffective, thereby preventing her from knowingly and intelligently entering a guilty plea.

On December 14, 2015, the day before trial was to commence, this matter came before the district court for a hearing on numerous matters, including McCaleb's counsel's application for a competency evaluation and motion that the judge recuse herself.[1]  At the hearing, the court addressed statements made by McCaleb outside of court, in which she indicated she had attempted to fire her court-appointed counsel.  While no formal motion was made, McCaleb stated, "I would like to have my first [privately-retained] attorney back," in the event the court would pay for him.  The district court explained it could not appoint the private attorney to represent her.  McCaleb then voiced specific concerns about her counsel, primarily based on her counsel yelling at her and requesting the competency exam.  Ultimately, McCaleb concluded her counsel would "be fine."

The following day, McCaleb pled guilty to forgery, driving while barred, and failure to appear.  During the plea, the following colloquy occurred:

> THE COURT: I know you've had some differing conflict [with your attorney], we made a record on that yesterday about the competency evaluation?  THE DEFENDANT: Yeah, it's okay.
> THE COURT: But you are satisfied with [your counsel's] representation in this case?  THE DEFENDANT: Yes, yes.
> . . . .
> THE COURT: Again, [McCaleb], in this case are you satisfied with the services of your attorney?  THE DEFENDANT: Yes, I am.

---

[1] During the hearing, McCaleb's counsel withdrew the application for a competency evaluation; the motion to recuse was denied.

"A guilty plea is normally understood as a lid on the box." *Zacek v. Brewer*, 241 N.W.2d 41, 49 (Iowa 1976). By freely and voluntarily pleading guilty to the above charges, during which McCaleb explicitly confirmed she was satisfied with the representation she had received, McCaleb waived her right to request new counsel or challenge the district court's denial of new counsel, insofar as any denial was actually made. *See State v. Burgess*, 639 N.W.2d 564, 567 (Iowa 2001) (noting "[a] guilty plea freely and voluntarily entered waives all defenses and objections, including constitutional guarantees" except "in certain circumstances, a defendant does not waive the right to challenge the plea itself, the right to challenge the indictment or information if it charges no offense, and the right to be free from double jeopardy"); *see also State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea.").

McCaleb does not directly challenge that her plea was freely and voluntarily entered. Instead, McCaleb claims her counsel was ineffective and that said ineffective representation prevented her from knowingly and intelligently entering a guilty plea. The record is insufficient to address her ineffective-assistance-of-counsel claim on direct appeal; accordingly, we preserve her claim for postconviction proceedings. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) ("If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings. Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." (citation omitted)).

We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a) and (c).

**AFFIRMED.**