# IN THE COURT OF APPEALS OF IOWA

No. 20-0469
Filed December 16, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TOYREON FOSTER STEVENSEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

        Toyreon Foster Stevensen appeals the sentence imposed following his guilty pleas.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

October 4, 2017, Toyreon Foster Stevensen[1] was charged by trial information with two counts of child endangerment—count one alleging serious injury resulted, in violation of Iowa Code section 726.6(5) (2017), and count two alleging deprivation of necessary health care, in violation of 726.6(7). In October 2019, Stevensen pled guilty on count one to a lesser-included offense of child endangerment causing bodily injury, in violation of Iowa Code section 726.6(6), and entered an *Alford* plea on count two.[2] On February 27, 2020, the district court entered judgment and sentence, imposing a five-year indeterminate term of imprisonment on count one and an indeterminate two-year term on count two, to be served concurrently. Stevensen appeals.[3]

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *Damme*, 944 N.W.2d at 103 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). We will not reverse a sentence unless there is "an abuse of discretion or some defect in the sentencing procedure." *Formaro*, 638 N.W.2d at 724.

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong

---

[1] We note that the defendant is referred to in the transcripts as Toyreon Foster, Foster Stevenson, and Toyreon Stevensen. Throughout this opinion we will refer to the defendant as Stevensen.

[2] In an *Alford* plea, a defendant enters a guilty plea acknowledging the State has strong evidence of actual guilt but claims innocence or otherwise does not admit guilt to the underlying facts establishing the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

[3] Iowa Code section 814.6 (2020) prohibits an appeal from a conviction following a guilty plea unless the defendant establishes good cause. "We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." Our task on appeal is not to second-guess the sentencing court's decision. Rather, we must determine that its decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of respect afforded by the appellate process." Nevertheless, "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required . . . even if it was merely a 'secondary consideration.'"

*Damme*, 944 N.W.2d at 105–06 (alteration in original) (citations omitted).

Here, the plea did not include an agreement as to the appropriate sentence. The presentence investigation report recommended incarceration. The State asked the district court to impose an indeterminate prison sentence not to exceed five years on count one and an indeterminate prison sentence not to exceed two years on count two. Noting Stevensen was on probation at the time of the offenses and the offenses occurred on different dates, the State requested the sentences run consecutively. The defense pointed out Stevensen's alcohol use, the remorse evident during his police interview, and the "active steps to try to put his life back together," including attending anger-management classes, alcohol support-group meetings, and church activities. The defense requested "the court to suspend the sentences, run them consecutive, that's fine, but we are asking that the court suspend the sentences, place him in the residential facility, put him on supervised probation for two to five years." After Stevensen's allocution, the district court stated:

> Sir, I heard what you had to say right now, and what I heard you say is talking about yourself and you and everything that you've done. And I appreciate the improvements that you've made and the actions that you've taken, but not once did you mention the baby. Not once did you mention that you injured and hurt this child, and not just on one occasion, but two. And, you know, you said that the past should

> be the past and it shouldn't be held against you, but there are consequences for your actions, and there are consequences for what you do, and there's a child here that has a broken leg and has a bad shoulder, and that child has consequences because of what you did, and you do have to face those consequences, and that's going to be the order of this court.

The court imposed a five-year and a two-year indeterminate prison term, the sentences to be served concurrently. In the written sentencing order, the district court stated that it "determines that the above sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the PSI, if any."

Stevensen argues the court abused its discretion in imposing a prison term rather than probation based on the court's perception of his lack of remorse. He acknowledges a court may consider a defendant's lack of remorse. *See State v. Knight*, 701 N.W.2d 83, 87–89 (Iowa 2005). However, he "disagrees with district court's analysis." Stevensen maintains he showed remorse by "turn[ing] his life around," "relinquish[ing] his parental rights," and taking "substantial steps in his rehabilitation." He claims the court erred in not finding him sufficiently remorseful.

On our review, we find no abuse of the court's discretion. We do not characterize the court's statements as an overemphasis of a lack of remorse so much as a statement that actions have consequences. The court acknowledged and appreciated Stevensen's "improvements that you've made and the actions that you've taken," considered no impermissible factors, imposed a sentence within statutory limits, and stated its reasons for the sentences imposed. We affirm.

**AFFIRMED.**