# IN THE COURT OF APPEALS OF IOWA

No. 20-1329
Filed November 23, 2021

**KAREBO SHIMIRIMANA,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Fayette County, Laura Parrish, Judge.

Karebo Shimirimana appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Joey T. Hoover of Hoover Law Firm P.L.L.C., Epworth, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Karebo Shimirimana appeals the district court's dismissal of his application for postconviction relief (PCR). Shimirimana has not established a breach of duty or resulting prejudice for an ineffective-assistance-of-counsel claim. We affirm.

In 2015, Shimirimana was charged with first-degree robbery.[1] On May 23, 2016, pursuant to a plea agreement, Shimirimana entered an *Alford* guilty plea to a reduced charge of second-degree robbery.[2] Sentencing was scheduled after July 1 for the benefit of a statutory change to the mandatory minimum for second-degree robbery.[3] On July 18, Shimirimana was sentenced to the statutory ten-year prison term with a six-year (sixty percent) mandatory minimum. He did not appeal his conviction.

On June 22, 2017, Shimirimana filed an application for PCR, asserting his trial counsel was ineffective. Shimirimana claims counsel told him his sentence would be five years if he took the plea deal, but the court imposed a six-year mandatory minimum. He asserts counsel coerced him into taking the plea deal. The district court held a hearing in August 2020 and heard testimony from Shimirimana and his plea counsel. The court found the record did not support his

---

[1] Four eyewitnesses, including the victim and a co-defendant, identified Shimirimana as wielding a gun during the robbery.

[2] In an *Alford* plea, a defendant enters a guilty plea acknowledging the State has strong evidence of actual guilt but claims innocence or otherwise does not admit guilt to the underlying facts establishing the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

[3] Through June 30, 2016, the mandatory minimum for second-degree robbery was seven-tenths of the sentence. Iowa Code § 902.12(5) (2016). For convictions on or after July 1, 2016, the mandatory minimum was changed to between one-half and seven-tenths of the sentence, as determined by the court at the time of sentencing. Iowa Code § 902.12(3) (2017) (effective July 1, 2016); *id.* § 902.11(3).

claims, nor could Shimirimana demonstrate prejudice, and dismissed the PCR application. Shimirimana appeals.

"We typically review postconviction relief proceedings on error. However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (internal citation omitted).

> To establish ineffective assistance of counsel, [the applicant] must demonstrate his plea counsel "failed to perform an essential duty" that resulted in prejudice. "Counsel breaches an essential duty when counsel makes such serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees." "[T]o satisfy the prejudice requirement, the [applicant] must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." "A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021) (second alteration in original) (citations omitted). "[W]e measure the attorney's performance against 'prevailing professional norms.' As such, we begin with the presumption that the attorney performed competently." *Ledezma*, 626 N.W.2d at 142 (citation omitted).

Shimirimana asserts counsel breached their duty by "coercing" him into taking the plea offer by means of an accelerated timeline for approval without exploring potential inconsistencies in witness statements. Concerning the plea offer, Shimirimana testified the week after he tried to fire his attorney, counsel presented the State's plea offer to him.[4] Shimirimana claims counsel told him, "If you don't take it at this meeting, they are going to take it off the table and they are going to proceed to trial next week." The record shows on April 4, the court had

---

[4] The clerk of court uploaded Shimirimana's letter requesting new counsel on April 5.

continued trial to early June with a pretrial conference in late May. Shimirimana withdrew his request for new counsel in a letter filed April 11. Shimirimana accepted the plea agreement on May 23. Shimirimana had more than a month to reconsider and reject the plea offer between its presentation in April and his plea hearing in May, contradicting his claim he did not have adequate time to consider the plea.

Shimirimana also claims he would not have accepted the plea agreement had he known his mandatory minimum sentence would be six years instead of five. The record does not support his claim. The plea agreement contemplated the statutory change to second-degree robbery sentencing after July 1, and that the mandatory minimum would be within the discretion of the court. At the plea hearing, the court clarified before accepting Shimirimana's plea that "at the time of sentencing, anybody can argue for anything within the permissible parameters of the robbery second and the sentencing statute as it's amended," with both the State and defense counsel agreeing. The judge then spoke with Shimirimana,

> COURT: And do you understand nobody is making any guarantee as to what type of sentence would be recommended or given by a judge? DEFENDANT: Yes, ma'am.
> COURT: Knowing that, that there's no guarantee as to what sentence the judge will give, do you still want to go forward today and enter an *Alford* plea to this charge of robbery in the second degree? DEFENDANT: Yes, ma'am.
> . . . .
> COURT: Your decision to come into court today and change an earlier plea of not guilty to guilty or this *Alford* plea to this charge of robbery in the second degree, was that decision freely made by you? DEFENDANT: Yes, ma'am.
> COURT: Did anyone put any pressure on you, coerce you, make you come into court today for the purpose of changing your plea? DEFENDANT: No, ma'am.

Shimirimana even recited the existing statutory penalty for second-degree robbery: "Ten years, seven mandatory." The court then explained the upcoming statutory change gave the court more discretion, and Shimirimana agreed it was a factor in the decision to enter his plea. The court then asked "has anyone made any promises or predictions to you as to what sentence will be given in your case?" And Shimirimana answered, "No, ma'am." During his PCR trial, Shimirimana told the court, "I understand I took the plea, and I understand that I was given multiple times like to say no, but saying no is saying yes to going to trial with [plea counsel]."

The district court's decision explains concisely:

> The record before this court appears to be quite clear concerning the actual terms of the plea agreement, including the fact that sentencing would be at the discretion of the sentencing judge. Further the record demonstrates Shimirimana's understanding of the terms of the plea agreement. There is no indication that Shimirimana was confused by the court's statements during the plea colloquy or that any promises had been made to him regarding sentencing.
> . . . . Furthermore, the State's evidence supporting the original first-degree [robbery] charge includes eyewitness testimony from multiple individuals with consistent stories and the crime occurred at a property under law enforcement surveillance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding a relevant factor is whether it can be determined to a reasonable probability that a defendant would have been acquitted).
> Shimirimana's claim that he would not have pled guilty and insisted on going to trial had he understood he may be imprisoned for six years as opposed to five is simply not credible and is irreconcilable with the record establishing the true motivation for his plea.

Considering the plea court's colloquy, Shimirimana's understanding of the potential sentence he faced, the strength of the State's evidence, and the benefit he realized from the bargain, we give weight to the district court's finding that Shimirimana's claim he would have gone to trial based on the imposition a six-year

mandatory minimum instead of five years is not credible. Shimirimana has not established either breach or prejudice in his ineffective-assistance claim; we affirm.

**AFFIRMED.**