# IN THE COURT OF APPEALS OF IOWA

No. 21-0988
Filed November 2, 2022


**BRODY WESLEY WALKER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Amy M. Moore,

Judge.


An applicant appeals the denial of postconviction relief.  **AFFIRMED.**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


Considered by Bower, C.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**TABOR, Judge.**

Brody Walker appeals the denial of his application for postconviction relief (PCR). In 2019, he accepted a plea agreement covering two cases. In his first case, the State charged first-degree burglary. He pleaded guilty to second-degree burglary. In his second case, the State charged first-degree robbery. He pleaded guilty to second-degree robbery and first-degree theft. A district court accepted all three guilty pleas and sentenced Walker to a combined prison term not to exceed twenty years.[1]

Among his PCR claims, he argued the consecutive sentences for robbery and theft violated double jeopardy. Walker also contended his trial counsel was ineffective in two ways: (1) in failing to investigate an intoxication defense or to secure an expert to evaluate whether his impairment prevented him from forming specific intent and (2) in allowing him to plead guilty without a factual basis. After a hearing, the PCR court denied Walker's application. He now appeals and resurrects these two claims. Because Walker fails to show a double jeopardy violation or ineffective assistance of counsel, we affirm.

## I.     Facts and Prior Proceedings

To set the stage, here's a brief history of Walker's two criminal cases. First, in January 2018, the State charged him with first-degree burglary, a class "B" felony.[2] The trial information and minutes of testimony alleged that in November 2017 Walker broke into a home and shot an occupant before running away.

---

[1] The court imposed consecutive sentences for the robbery and theft convictions but ran them concurrent to the burglary term.
[2] The case was numbered FECR356621.

Then, in April 2018, the State charged Walker with first-degree robbery, another class "B" felony.[3] The trial information and minutes of testimony alleged that Walker, along with two accomplices, broke into a home, hit the sleeping occupant in the head, demanded the combination for a safe, and then took the safe and other items before leaving.

Walker worked out a plea deal with the State to resolve both cases. His liability went from two class "B" felonies to three class "C" felonies. After his guilty pleas, Walker underwent a pre-sentencing investigation (PSI). Walker told the investigator about his history of alcohol use and how "he drank a pint of whiskey" before he broke into both houses. He also mentioned his frequent drug use and claimed to be under the influence of methamphetamine and marijuana when he committed the offenses. The district court sentenced him to an indeterminate term of twenty years.

Walker did not appeal. But he filed an application for PCR in October 2019. In his application, he claimed theft was a lesser included offense of robbery, so he could not be convicted of both crimes. He also raised several claimed deficiencies in his trial counsel's performance, including an alleged failure to mount an intoxication defense.[4] On a stipulated record,[5] the district court denied all of Walker's claims. He now appeals the denial of relief.

---

[3] The case was numbered FECR356904.

[4] He also claimed trial counsel failed to keep him informed of proceedings or discuss defenses with him and failed to create a client-trust account or keep track of hours spent on the case. He does not pursue these arguments on appeal.

[5] The record included the parties' briefs, the trial informations for the charged offenses, the judgments entries, and transcripts from the guilty plea and sentencing hearings.

**II.    Scope and Standards of Review**

We usually review PCR rulings for correction of errors at law. *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022) (citation omitted). But when applicants raise constitutional issues, such as double jeopardy and ineffective assistance of counsel, our review is de novo. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

**III.   Analysis**

**A.  Double Jeopardy**

On appeal, Walker doubles down on his argument that theft is a lesser-included offense of robbery and thus he cannot be sentenced for both crimes. For support, he points to Iowa Code chapter 816 (2018) and the Double Jeopardy Clause of the United States Constitution. [6]

The Double Jeopardy Clause has two purposes. The first is to protect the defendant against multiple prosecutions for the same offense after a conviction or acquittal. *State v. Burgess*, 639 N.W.2d 564, 568 (Iowa 2001). The second is to protect against multiple punishments for the same offense. *Id.* Chapter 816 focuses on the first purpose: multiple prosecutions. *See* Iowa Code §§ 816.1 (barring a second prosecution for the same offense following a conviction or acquittal), 816.2 (barring a second indictment for the same offense, a lesser degree of the offense, or an included offense following a conviction or acquittal).

---

[6] In the district court, Walker cited the state constitution in his double jeopardy argument, contending: "Iowans have greater protection under Iowa's constitution." True, our constitution's double jeopardy protections are distinct. *See State v. Lindell*, 828 N.W.2d 1, 4 (Iowa 2013). But such protections only apply to those acquitted. Iowa Const. art. I, § 12. ("No person shall after acquittal, be tried for the same offense.").

The State amended Walker's trial information to charge robbery and theft for the same incident. And Walker pleaded guilty to both offenses at the same time. So chapter 816 does not apply.

We therefore turn to the second double jeopardy protection: prohibiting multiple punishments for the same offense. Offenses are the same when one crime is a lesser-included offense of another. *State v. Gallup*, 500 N.W.2d 437, 441 (Iowa 1993) ("[W]e must determine if the offenses charged . . . involve essentially the same offense. In short, we must determine whether one of the offenses is a lesser included offense of the other."). We may look to the legal elements test—also known as the *Blockburger* test[7]—to decide if the legislature intended multiple punishments. *See id.* at 443. If a person cannot commit the first, greater crime without meeting all elements needed to commit a second, lesser crime, then those offenses are the same. *See State v. Johnson*, 950 N.W.2d 21, 24–25 (Iowa 2020) (explaining if crimes should merge under the legal-elements test, courts then look to legislative intent).[8]

A person commits robbery when:

[H]aving the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
    a. Commits an assault upon another.
    b. Threatens another with or purposely puts another in fear of immediate serious injury.
    c. Threatens to commit immediately any forcible felony.

---

[7] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).
[8] Walker does not cite Iowa Code section 701.9, which codifies the double jeopardy protection against cumulative punishments. But section 701.9's merger analysis also encompasses the *Blockburger* test. *Gallup*, 500 N.W.2d at 441.

Iowa Code § 711.1.  It does not matter if the person succeeded in taking someone else's property.  *Id.*

Meanwhile, theft means (1) taking possession or control of property belonging to someone else or in another person's possession with (2) the intent to deprive them of that property.  *Id.* § 714.1(1) (2017).

Looking to precedent, the district court found theft was not a lesser-included offense of robbery.  *See State v. Holmes*, 276 N.W.2d 823, 825 (Iowa 1979).  To commit theft, a person must take someone else's property.  Iowa Code § 714.1(1).  But the robbery statute expressly states a successful taking is not required.  Thus, one can commit robbery without committing theft.  They are not the same offense.

Conceding he can find no authority for his position, Walker claims that while theft requires a taking and robbery does not, both offenses require the same intent.  He argues robbery "is essentially using force" for a theft, making them the same offense.  He requests we "break" with precedent to merge those offenses.  Like the district court, we decline.  We are bound by our supreme court's precedent.  *Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011).

### B.  Ineffective Assistance of Counsel

Next, Walker contends his trial attorney performed subpar in two respects.  First, in the pre-trial investigation.  And second, at the plea hearing.

To prevail on his claim of ineffective assistance, Walker must prove his attorney performed deficiently and prejudice resulted.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We measure counsel's performance against the standard of a reasonably competent practitioner.  *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).  On the prejudice prong, because Walker pleaded

guilty, he must show that but for his attorney's incompetence he would have insisted on going to trial. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009). But if counsel allows a client to plead guilty to a charge for which no factual basis exists, prejudice is inherent. *State v. Ross*, 941 N.W.2d 341, 346 (Iowa 2020). If Walker fails to establish one of the prongs, we need not address the other. *Dempsey*, 860 N.W.2d at 868. We focus on performance today.

Where did counsel's performance fall short? Walker first alleges counsel should have investigated an intoxication defense and retained an expert to evaluate Walker's level of impairment when he committed the offenses. Like the district court, we find Walker's allegations unfounded. Walker fails to create a record detailing how his attorney would have discovered his level of impairment when he committed the offenses.[9] While Walker mentioned drinking whiskey before both crimes and having a history of drug use, he did so only to the PSI preparer after pleading guilty. Walker does not assert that he shared the information of his alleged intoxication with counsel. "In assessing claims of ineffective assistance of counsel, a defendant's conduct is examined as well as that of his attorney." *State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996). In fact, when the court asked Walker about his trial counsel's performance at his plea hearing, he stated it was satisfactory. On this record, we find no basis to question counsel's investigation.

---

[9] Walker concedes "little evidence" supports his claim. Neither trial counsel nor an expert was deposed. He notes PCR counsel sought a continuance for depositions but was denied. Walker did not challenge the denial.

Next Walker contends counsel was remiss in allowing him to plead guilty to all three offenses without a factual basis. He claims an expert "would likely have concluded" he was too impaired at the time of his offenses to form the necessary specific intent.

True, before entering judgment, the district court must be satisfied there exists a factual basis for a guilty plea. *See State v. Sanders*, 309 N.W.2d 144, 145 (Iowa Ct. App. 1981). But courts may fulfill that requirement by asking defendants what they did. *See Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616, 618 (Iowa 1974). And this inquiry does not require the court to extract a detailed confession covering each element of all charged offenses to create a sufficient factual basis. *See State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974).

The court and Walker had this back-and-forth at his plea hearing. For his burglary charge, the court asked Walker, "did you have the intent to steal from [the victim] items belonging to him?" Walker said "yes." For his robbery and theft charge, the court asked Walker "you had the intent to steal items from [the victim] . . . is that right?" He replied "yes." We take Walker at his word. Nothing in the record shows that his attorney or the court should have doubted his capacity to form specific intent based on intoxication. Thus, we find no deficiency in counsel's plea hearing performance.

**AFFIRMED.**