# IN THE COURT OF APPEALS OF IOWA

No. 23-1177
Filed February 19, 2025


**MICHAEL CONE Sr.,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.


　　An applicant for postconviction relief (PCR) appeals the district court's denial of his PCR application. **AFFIRMED.**



　　Leah Patton of Patton Legal Services, LLC, Ames, for appellant.

　　Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee State.


　　Considered by Chicchelly, P.J., Langholz, J., and Carr, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**CARR, Senior Judge.**

Michael Cone Sr. appeals the district court's denial of his application for postconviction relief (PCR). He argues he (1) received ineffective assistance from his trial counsel because trial counsel did not appropriately explain the collateral consequences of accepting an *Alford*[1] plea and (2) is actually innocent. We affirm the district court's denial of Cone's PCR application.

## I. Background Facts and Proceedings

Cone was charged in January 2020 with one count of sexual abuse in the second degree, a class "B" felony. According to the minutes of testimony, Cone had sexually abused a four- or five-year-old child who lived in Cone's home with her mother. In 2019 the child described the assault to a teacher, as well as the basement where it occurred and what Cone looked like.

The court appointed an attorney to represent Cone in these proceedings. At the time of this charge, Cone was on the sex offender registry based on a 2005 conviction for lascivious acts with a child. Cone faced a mandatory minimum of seventeen and one-half years in prison and the possibility of commitment as a sexually violent predator due to the charge being a second or subsequent offense.

Plea negotiations ensued, and Cone and the State reached a plea deal in which Cone would face no mandatory minimum and no sexual-offense conviction. In November, Cone entered an *Alford* plea for willful injury causing serious injury.

---

[1] "An *Alford* plea is different from a guilty plea in that when a defendant enters an *Alford* plea, he or she does not admit participation in the acts constituting the crime. Though the defendant does not admit guilt, he or she may voluntarily, knowingly, and understandingly consent to the imposition of a sentence." *State v. Burgess,* 639 N.W.2d 564, 567 n.1 (Iowa 2001); *cf. North Carolina v. Alford,* 400 U.S. 25, 37 (1970).

Cone's trial attorney informed Cone of his estimated parole eligibility date, and Cone was informed that he would have to move in arrest of judgment to challenge the plea and that he waived his right to do so and, accordingly, his right to appeal.

In February 2022, Cone filed this PCR application, which he amended after counsel was appointed. Following a hearing, the district court denied the application.

Cone now appeals.

## II. Standard of Review

We generally review denials of PCR applications for errors of law. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). When the PCR applicant raises a constitutional claim, our review of such claim is de novo. *Ledezma v. State,* 626 N.W.2d 134, 141 (Iowa 2001).

## III. Discussion

Cone argues he (1) received ineffective assistance from his trial counsel because trial counsel did not appropriately explain the collateral consequences of accepting an *Alford* plea and (2) is actually innocent.

### A. Ineffective Assistance

Cone argues that trial counsel provided ineffective assistance by failing to advise him of the collateral consequences of his *Alford* plea, specifically that he would be required to complete the sexual offender treatment program (SOTP) and that his completion of SOTP would be required for him to be released on parole.

To succeed on a claim of ineffective assistance of counsel, the applicant "must demonstrate his plea counsel 'failed to perform an essential duty' that resulted in prejudice." *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021). "Counsel

breaches an essential duty when counsel makes such serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees." *Id.* (citation omitted). The applicant must show that trial counsel performed below the standard of "a reasonably competent attorney." *Ledezma*, 626 N.W.2d at 142. "[T]o satisfy the prejudice requirement, the [applicant] must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* (alteration in original) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citation omitted).

The district court and trial counsel must ensure the defendant understands the direct consequences of a plea before the defendant enters his or her guilty plea *State v. Carney*, 584 N.W.2d 907, 908 (1998). But the district court and counsel are not required to inform the defendant of "all indirect and collateral consequences of a guilty plea." *Id.* Parole eligibility information and any potential requirements for the defendant to complete SOTP are collateral consequences of a guilty plea. *Sothman v. State*, 967 N.W.2d 512, 523 (Iowa 2021); *Smith v. State*, No. 08-0362, 2008 WL 5235548, at *3 (Iowa Ct. App. Dec. 17, 2008). Nonetheless, if counsel does advise the defendant of the collateral consequences of his plea, such advice must be accurate. *Sothman*, 967 N.W.2d at 523 ("Even though a criminal defendant need not be informed of all indirect and collateral consequences of his or her plea, that does not leave a court, or an attorney, free to misinform a defendant regarding collateral consequences of his or her plea." (cleaned up)).

Although Cone admits that his trial attorney did not have a duty to inform him of SOTP requirements, he argues trial counsel misinformed him through

omission of its consequences. Yet at no point in his brief does Cone describe any incorrect advice provided by his trial counsel. He concedes that his trial attorney estimated that he "would most likely serve twelve to eighteen months in prison, and he would be eligible for parole in six months to a year." And Cone's trial counsel testified he did not remember discussing SOTP with Cone or it being a concern to Cone. But if it would have come up, he "would have told [Cone] that the parole board can make you do anything they want to before they can parole you essentially." Cone instead suggests it was ineffective assistance for his attorney to not disclose to him that failure to complete SOTP, which the Iowa Department of Corrections (DOC) would almost certainly require him to complete, would delay his parole.

But we have repeatedly refused to entertain this argument. *See Akok v. State*, No. 23-0541, 2024 WL 1756592, at *3 (Iowa Ct. App. Apr. 24, 2024) ("[The applicant] claims his counsel 'should have advised him of the impact of having to complete [SOTP] prior to release and that requirement usually delayed release until nearly the point of discharging the sentence.' . . . . 'Parole eligibility is a collateral consequence of a plea. So too is the [board of parole]'s exercise of its discretion whether to grant parole.'" (first alteration added) (citation omitted)); *Sand v. State*, No. 22-0523, 2023 WL 3612370, at *2–3 (Iowa Ct. App. May 24, 2023) ("[The applicant]'s plea counsel had no duty to warn that the DOC could require him to participate in SOTP and delay his parole eligibility.").

And Cone does not argue that trial counsel misinformed him about SOTP, admitting that counsel did not mention it:

Q. Did you talk to him about the requirement that you might have to complete SOTP if you took this plea? A. No.

Q. Did he advise you that you might have to take SOTP if you took this plea? A. No.

. . . .

Q. Did he advise you that you would not be eligible for parole until you completed SOTP? A. No.

Q. Did he advise you that you would not be able to receive earned time unless you completed SOTP? A. No.

Cone's SOTP requirement was entirely in DOC's discretion, *see* Iowa Code§ 903A.2(1)(a)(2), and it thus "did not have the sort of 'definite, immediate and largely automatic effect' on the range of punishment as direct consequences of a plea" and was a collateral consequence of his plea. *Sand*, 2023 WL 3612370, at *3.

Because Cone's trial counsel had no duty to inform him of the consequences of SOTP or its collateral effects on his eligibility for parole, we find his trial counsel was not ineffective.

### B. Actual Innocence

Cone contends that the district court erred in denying his application for PCR when he is actually innocent of the amended willful injury charge as well as the original sexual abuse in the second-degree charge.

Under article I, section 9 and article I, section 17, the Iowa Constitution allows "freestanding claims of actual innocence, so applicants may bring such claims to attack their [guilty] pleas even though they entered their pleas knowingly and voluntarily." *Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018). A guilty plea does not "automatically mean the defendant is *actually* guilty." *Id.* at 788. For example, an innocent defendant may choose to plead guilty to attempt to circumvent a high probability of receiving a harsh sentence following trial. *See id.*

Thus, the freestanding actual innocence claim can serve to protect a defendant convicted of crime he or she did not commit. *Dewberry v. State*, 941 N.W.2d 1, 6 (Iowa 2019). The applicant for an actual innocence claim must allege he or she is factually and actually innocent. *Id.* He must show he "was actually innocent of the offense for which he or she was convicted, including any lesser included offenses." *Id.* In considering an actual innocence claim, we balance "the liberty interest of an actually innocent person to be free from conviction and criminal sanction with the state's legitimate interests in conserving judicial resources, maintaining the integrity of convictions, and bringing finality to the criminal process." *Id.* at 9–10.

To prevail, the applicant must provide clear and convincing evidence that "no reasonable factfinder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all of the evidence, including newly discovered evidence." *Schmidt*, 909 N.W.2d *.* at 797.

As an initial matter, the State argues that under *Schmidt* and Iowa Code chapter 822, Cone's actual innocence claim is barred "because he provides no new evidence of innocence," choosing instead to relitigate his arguments from trial. Because Cone's actual innocence claim can be disposed of on the merits, we assume without deciding that his actual innocence claim is not barred.

Cone's actual innocence claim relates to alleged "inconsistencies in [the victim]'s report of sexual abuse, which is consistent with [Cone]'s denial of sexual abuse," as well as his contention that he was not alone with the victim in his home at any time. We find that this argument does not rise to the clear proof required to sustain an actual innocence claim under *Schmidt*.

Although Cone and his wife, Traci, testified that he would not have been alone at any time with the victim, the district court found them not credible and their testimony self-serving. The district court did not doubt Traci's belief that Cone is innocent but observed that she

> has no first-hand knowledge of [Cone]'s whereabouts when the abuse was taking place. By her own testimony, [Traci] and the victim's mother would occasionally work together during the day. When the two were working at the same time, the victim was left at home with [Cone]'s mother. The abuse in this case occurred while the victim was left with [Cone]'s mother.

Traci's testimony does not prove Cone's innocence because she was not present in the home or with Cone at any of the times the victim was abused. And as the district court explained, Traci's testimony "is actually harmful to [Cone] because it tends to support many of the details in the victim's account of what occurred." That testimony supported the victim's claims that abuse took place before she started kindergarten when she was four or five years old, that the abuse took place when she and her mother were living with her mother's friend, and that the abuse took place in a laundry room in the basement of the home. Cone also admitted in his plea that the State had "strong evidence of [his] actual guilt."

Cone falls well short of the clear and convincing evidence requirement for actual innocence claims. Accordingly we affirm the district court's denial of his PCR application.

**AFFIRMED.**