# IN THE COURT OF APPEALS OF IOWA

No. 21-1930
Filed August 31, 2022

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JOHN HENRY WALKER,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

　　A defendant appeals his consecutive sentences for two counts of domestic abuse assault and one count of kidnapping. **AFFIRMED.**

　　Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., Tabor, J., and Vogel, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**TABOR, Judge.**

John Walker pleaded guilty to domestically abusing his pregnant girlfriend. The victim of his abuse suffered a black eye, forehead bruises, and a ruptured eardrum. Walker entered *Alford* pleas to domestic abuse assault causing bodily injury, third or subsequent offense; domestic abuse assault, strangulation causing bodily injury; and kidnapping in the third degree.[1] Walker requested concurrent sentences for his assault offenses. The State requested consecutive sentences for all offenses.

At the sentencing hearing, Walker flip-flopped from taking responsibility for his actions to shifting fault. His allocution started by "apologizing for the crimes I've done," yet veered to contesting his guilt and blaming his substance abuse. Walker wished he "would have known to approach this differently," yet already had such learning opportunities with his previous domestic abuse convictions. Moved by Walker's lack of remorse in the context of his criminal history, the district court imposed consecutive sentences for all three offenses. Now, Walker contends that sentence was too harsh. Because the record shows the district court considered appropriate sentencing factors, we affirm its exercise of discretion.[2]

---

[1] "An *Alford* plea is a variation of a guilty plea." *State v. Burgess*, 639 N.W.2d 564, 567 (Iowa 2001). Under the practice approved in *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), Walker did not admit committing the crimes but pleaded guilty because the evidence "strongly negate[d]" his claim of innocence. *See State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005) (citation omitted).

[2] We review the sentencing order for the correction of legal error. *See State v. Damme*, 944 N.W.2d at 103. We will reverse if the prison term reveals an abuse of discretion or arises from a defect in the sentencing procedure. *Id.* (citing *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

In contesting the consecutive sentences for his domestic abuse offenses, Walker argues the district court should have followed the presentence investigation (PSI) report recommendation to run those sentences concurrently or given a reason for diverting from the PSI recommendation. He highlights the domestic abuse offenses involved the same victim, same time frame, and same circumstances.

We reject Walker's argument. Starting from the top: although the sentencing court may consider recommendations in the PSI report, it is not bound by them. *See State v. Headley*, 926 N.W.2d 545, 551 (Iowa 2019). Additionally, a court's "failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The court noted that it considered the PSI report and information when sentencing Walker. The PSI report stated the reporter's belief that Walker was a threat to public safety and noted he claimed he was going to "dog" the victim upon release from incarceration. While the report recommended concurrent instead of consecutive sentences, the court gave greater weight to Walker's threat to public safety along with his own allocution.

The court focused on the callousness of Walker's repeated assaults and his failure to accept responsibility or learn from the past:

> One of the things that is most telling to me, Mr. Walker, is that you wish you would have had the knowledge to approach this differently. . . .
>      . . . .
>      You did have that knowledge, sir. You'd been provided numerous prior opportunities in the treatment and rehabilitation efforts that you'd received based on your prior convictions for domestic abuse assault to know different approaches to handle these matters. You made decisions, life choices, that not only

> impacted you but impacted the victim of these offenses. You show a marked lack of insight as to the impact your actions have had upon the victim in this matter. . . .
>
> Your acts were violent. They were methodical and they were outrageous. They were separate and distinct acts of violence toward this woman. They caused her bodily injury. Your lack of remorse, your lack of accepting responsibility is telling, and you've minimized your actions as they relate specifically to the harm you caused this victim.
>
> For those reasons and the fact that I agree that I believe you are indeed a threat to public safety, I think the record establishes strong reasons for me to run these sentences consecutively to each other.

The fact that the assaults were against the same victim in the same time frame does not preclude consecutive terms. The blows causing bodily injury—either the bruising, black eye, or ruptured ear drum—and the strangulation were distinct acts of violence creating unique harms to the victim and could merit separate punishment.

We discern no abuse of discretion in the sentencing decision. The court was free to highlight Walker's failure to take responsibility for his actions and his criminal history. *See Knight*, 701 N.W.2d at 88 (holding lack of remorse was "highly pertinent" to defendant's need for rehabilitation and chances of reform); *see also* Iowa Code § 907.5(1)(b) (2021). Beyond this reasoning, the court considered other appropriate sentencing factors, including Walker's age, his employment history, his criminal record, the nature of each offense, the harm to the victim, and the treatment available to Walker in the correctional system. *See* Iowa Code § 907.5(1). Because the district court properly exercised its discretion, we will not disturb the consecutive sentences.

**AFFIRMED.**